LOUIS DAILEY, PLAINTIFF-APPELLEE, v. MUTUAL CHEMI-
CAL COMPANY OF AMERICA, A CORPORATION, DE-
FENDANT-APPELLANT.

Submitted October 1, 1940—Decided December 9, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the plaintiff-appellee, *Morris Edelstein* (*John J. Meehan,* of counsel).

For the defendant-appellant, *George T. Vickers.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment recovered by the plaintiff in the Hudson County Court of Common Pleas. The plaintiff, a machinist and pipefitter by trade, employed by the defendant chemical company, alleges in substance in the complaint that the defendant employer failed to provide a safe place for the plaintiff to work. As a result, in the course of his service, the plaintiff came in contact with and of necessity inhaled and ingested fumes, vapors and the like, of a harmful nature, which awakened and revived a dormant tubercular condition with which the plaintiff was affected so that plaintiff became ill and was rendered unfit to engage in his trade or perform any hard work.

The defendant appeals from the judgment on the ground that the trial court erred in refusing to grant a nonsuit; second, that like error resulted from a refusal of direction of verdict. The first of these points is argued in appellant's brief. But, in addition, it is said that the plaintiff failed in his proof "that his injury was not compensable under the Workmen's Compensation act." This point cannot be considered here. It is not among the grounds of appeal which were filed as reasons for reversal. But, apart from that, it is not the plaintiff's burden to prove that his action is outside the scope of the Workmen's Compensation act. Compare *Buller* v. *Eberstadt*, 113 *N. J. L.* 569. That would be a matter of defense to be advanced by the defendant. We also observe that tuberculosis is not a compensable disease unless perchance, as frequently happens, it resulted from "accident" as that term is used in the Workmen's Compensation act. *Cf. Liondale Bleach Works* v. *Riker*, 85 *Id.* 426.

Concerning the denial of nonsuit, the appellant's argument is (a) that there was no evidence that the defendant was negligent; (b) that the evidence was that plaintiff assumed the risk incident to his employment; (c) that there was no evidence that tuberculosis resulted from any negligent act on the part of the defendant or any omission of duty.

From the testimony it appears that the plaintiff's employment required him to repair tanks containing chemicals, and pipe lines, used to transmit acids from one department to

another; that in the last four years of his employment he worked in what was known as the oxalic acid department; that he was constantly exposed to the fumes of these acids and chemicals in all departments; that he worked on part of the plant equipment, known as the "agitators" which at times contained oxalic acid and gave off its fumes; that he was obliged, in the work he was engaged to do, to enter into those agitators, &c., to make repairs; and that he was also required to work around "dryers and burners" which discharged oxalic acid dust. The only protection afforded against the inhalation of the fumes and dust was "a common red handkerchief," worn over part of his face. The testimony further indicates that toward the end of 1935 the plaintiff was troubled with coughing, throat irritations, and "night sweats;" that he consulted the plant physician regularly, who advised that the plaintiff suffered only throat irritation. On one occasion he suffered a hemorrhage which the plant doctor said was from the nose or throat. Meantime the plaintiff was losing weight and had lost appetite. Upon being sent to a medical specialist, X-ray pictures revealed tuberculosis as a result of which plaintiff spent a year in the Hudson County Tuberculosis Sanitarium. There was ample medical testimony to justify the conclusion that the conditions under which the plaintiff worked and the inhalation of oxalic fumes and dust was the proximate cause of lighting up the dormant tubercular condition.

It is the duty of an employer to provide for the employes "reasonably effective devices, means and methods to prevent contraction by them of any illness or disease incident to the work or processes in which they are engaged." *R. S.* 34:6-48. See *Rosacci* v. *U. S. Pipe and Foundry Co.,* 123 *N. J. L.* 357; *Downing* v. *Oxweld Acetylene Co.,* 112 *Id.* 25; *affirmed,* 113 *Id.* 399. The instant case is singularly like the Downing case. There was a plenitude of evidence in the instant case from which the jury might properly conclude that there was a failure of ventilation or a failure to use reasonably effective means to protect the plaintiff from the inhalation and ingestion of fumes and dust which in his case proved particularly harmful.

In answer to the argument of the appellant that the respondent had assumed the risk of sickness and injury because he knew he would be exposed to the fumes, it does not follow that because he knew he would be exposed to fumes and dust that he is to be charged with the knowledge that the inhalation of the fumes and dust would light up a dormant tubercular condition. There was no proof that plaintiff assumed the risk of this danger. See *Rogers* v. *Roe & Conover,* 74 *N. J. L.* 615, 617. The proofs being in the posture indicated, we think it was not error for the court to have rejected motion for nonsuit for the reasons advanced.

The judgment will be affirmed, with costs.