NEW HANOVER COUNTY AND C. R. MORSE, CITY-COUNTY TAX COLLECTOR,
v. KIRBY C. SIDBURY.

(Filed 12 December, 1945.)

**1. Parties §§ 1, 2: Attorney and Client § 1—**

A party may appear either in person or by counsel. G. S., 1-11. The statutory provision is in the alternative. It means that a litigant may not appear both *in propria persona* and by counsel at one and the same time. It cannot be construed to mean that he may not first appear in person and then later through counsel.

**2. Appearance §§ 1, 2a: Pleadings § 13½—**

A purported special appearance, raising questions as to the merits involved in the action, does not challenge the jurisdiction of the court. Nor may it be treated as a demurrer. It is not a valid plea.

**3. Same—**

Having overruled an invalid special appearance, without finding that it was irrelevant and frivolous and made in bad faith for the purpose of delay, G. S., 1-126, leave to answer should be granted, G. S., 1-125.

**4. Taxation § 34: Mortgages § 37—**

In an action by a county to recover money received by defendant for its use, the complaint alleging that defendant, as mortgagee, foreclosed a mortgage and failed, out of the proceeds of sale, first to pay plaintiff's claim or lien for taxes as provided by G. S., 105-408, a cause of action is stated, and demurrer *ore tenus* for lack thereof, interposed in this Court, cannot be sustained.

**5. Same: Taxation § 40b—**

An alternative remedy is created by G. S., 105-408, in behalf of the taxing agency. On foreclosure of a deed of trust or mortgage it may look to the trustee or mortgagee for the payment of taxes required by the statute, or it may waive that remedy and resort to a foreclosure of the tax lien.

APPEAL by defendant from *Williams, J.,* at August Term, 1945, of NEW HANOVER.

Civil action to recover money received by defendant to use of plaintiff.

On or about 1 May, 1928, defendant mortgagee foreclosed mortgage on the lands of Southern Realty and Development Company. He did not, out of the proceeds of sale, first pay plaintiff's claim or lien for taxes as provided by G. S., 105-408. On 16 September, 1944, plaintiff instituted this action to recover taxes levied against said property and unpaid at the time of sale. After complaint was filed, defendant, *in propria persona,* filed special appearance and motion to dismiss.

At the August Term, 1945, while the motion to dismiss was pending, plaintiff in open court moved for judgment by default final. W. L. Farmer, Esq., a practicing attorney of the New Hanover Bar, then counsel for defendant, attempted to speak for and represent defendant in opposing the motion. The court thereupon found the facts, including the following:

"And it further appearing and the Court finding that the defendant attempted to and did file what he termed a special appearance, in person, in which he raised question as to merits involved in the action, which the Court holds was in fact no special appearance, nor could it be construed as such, and that no answer having been filed by the defendant, nor was the defendant present in Court when the case was called for trial; that an attorney attempted to appear for the defendant, who, upon objection being raised by the plaintiff, the Court held that the defendant could not appear in person and by attorney, and that said attorney would not be permitted to represent the defendant . . ."

It then entered judgment by default final. Thereafter defendant served notice of appeal.

*G. C. McIntire for plaintiffs, appellees.*
*Clayton C. Holmes for defendant, appellant.*

BARNHILL, J. The defendant excepts to (1) the refusal of the court below to permit his counsel to appear for him at the hearing on the motion for judgment by default final and (2) the signing of judgment without granting defendant an opportunity to file answer. The exceptions must be sustained.

A party may appear either in person or by counsel. G. S., 1-11. The statutory provision is in the alternative. It simply means that a litigant may not appear both *in propria persona* and by counsel at one and the same time. It cannot be construed to mean that he may not first appear in person and then later through counsel. *Abernethy v. Burns,* 206 N. C., 370, 173 S. E., 899; *McClamroch v. Ice Co.,* 217 N. C., 106, 6 S. E. (2d), 850.

Oftentimes, particularly in inferior courts, a litigant undertakes to conduct his case without benefit of expert advice. He soon finds himself enmeshed in the intricacies of the law and realizes he cannot proceed intelligently and effectively without the aid of counsel. He employs an attorney who thereafter makes the necessary appearances in his behalf. In such cases both the original appearance in person and the subsequent appearances by counsel are permissible and entirely proper under our system. Having elected to employ counsel at any stage of the proceedings

he may not be deprived of his services for the reason he has theretofore appeared in person. It is error for the court to undertake so to do.

The purported special appearance does not challenge the jurisdiction of the court. Nor may it be treated as a demurrer. Hence the court properly concluded it was not a valid plea. Having overruled it, however, without finding that it was irrelevant and frivolous and made in bad faith for the purpose of delay, G. S., 1-126, leave to answer should have been granted. G. S., 1-125; *Boone v. Hardie,* 83 N. C., 471; *Bank v. Derby,* 215 N. C., 669, 2 S. E. (2d), 875.

The demurrer *ore tenus* for that the complaint does not state a cause of action, interposed in this Court, cannot be sustained.

G. S., 105-408, provides that "whenever any real estate shall be sold by any person under any power of sale conferred upon him by any . . . mortgage, deed of trust, or assignment for the benefit of creditors, the person making such sale must pay out of the proceeds of sale all taxes then assessed upon such real estate. . . . The failure to comply with this section and pay such taxes or assessments shall not vacate or affect the lien of such taxes or assessments, but such lien shall be discharged only to the extent payment is actually made." Thus it creates an alternative remedy in behalf of the taxing agency. It may look to the trustee or mortgagee for the payment required by the statute or it may waive that remedy and resort to a foreclosure of the tax lien.

While it was suggested here in the argument that the plaintiff has already elected to foreclose this lien, and the motion filed by defendant so indicates, it does not so appear on the face of the complaint. That defense, as well as the bar of the statute of limitations, if relied on by the defendant, must be asserted by way of answer.

The judgment entered is vacated and the cause is remanded for further proceedings in accord with this opinion.

Error and remanded.