250 P.2d 1001

STATE ex rel. INDUSTRIAL COMMISSION v. REESE et al.

No. 5649.

Supreme Court of Arizona.

Dec. 1, 1952.

H. S. McCluskey of Phoenix, for petitioner, Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel.

Richey & Herring, of Douglas, for respondent, Thomas E. Reese.

Conner & Jones, of Tucson, for respondent Sulphur Springs Valley Cooperative.

DE CONCINI, Justice.

Respondent Reese was injured by an accident arising out of and in the course of his employment on August 20, 1949, while in the employ of the Inland Trading & Construction Company, a copartnership. He filed a claim with the Industrial Commission under the Workmen's Compensation Act and was awarded $1114.42 as compensation, and $12,855.65 was paid out to others for "accident benefits" on respondent's behalf. That on or before April 15, 1951,

Reese filed his election of remedy to sue a third party and take any deficiency he might suffer from the commission. On or about April 4, 1951, respondent filed suit for damages against the alleged negligent third party, Sulphur Springs Valley Electrical Cooperative, a corporation, hereafter referred to as the third party defendant.

The third party defendant filed its answer denying liability on several grounds. The petitioner Industrial Commission, hereafter referred to as the commission, filed a complaint in intervention. The trial court in the county of Cochise where the action was pending denied the commission's right to intervene and made certain findings of fact and conclusions of law.

The commission filed an original petition for writ of mandamus in this court, and an alternate writ was issued. The respondent hereinafter referred to as Reese, and the third party defendant as well as the commission have fully briefed the matter. Counsel for Reese and the commission seek to relitigate various issues settled in the Pressley case on rehearing—Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011, hereafter called the second Pressley case; and also the cases of Industrial Commission v. Nevelle, 58 Ariz. 325, 119 P.2d 934 and Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958. Counsel for third party defendant supports the commission in some of its views and disagrees with others.

Basically the same issues are tendered here, as were in the second Pressley case, supra; and in addition thereto there is also raised the questions of *Election, Subrogation* and *Intervention* which were settled in the last Pressley case—Industrial Commission v. Pressley (Tucson Gas & Light Co.) 74 Ariz. 412, 250 P.2d 992.

■ We deem it unnecessary to repeat in detail what we said in the two Pressley cases above referred to, except to say that we affirm them and reiterate the following:

1. That an injured employee is entitled to accident benefits even though he elect not to take compensation but sue a third party instead.

2. Sections 56–949, 56–950, A.C.A.1939, are constitutional.

3. That an injured employee is only entitled to one recovery either from the commission or from the negligent third party but he is entitled to an election and in order to constitute an election he must know that he has a choice of two different remedies and that the election to pursue one is a waiver of the other.

4. That the commission has no jurisdiction to decide whether an employee has made an election but that is a matter to be litigated in the superior court between the necessary parties and is a preliminary question for the trial judge to determine.

5. The issues of Election, Subrogation and Intervention are reaffirmed.

The only new matter to be decided here is whether the conclusions of law made by the lower court may stand. That we may agree with some of them and disagree with others is of no moment to the disposition of this case, because those conclusions were made without all the necessary parties to the action present, i. e. the commission was not then a party.

■ The alternate writ of mandamus is made peremptory. The lower court is ordered (1) to allow the commission to intervene (2) to determine as a preliminary question of law whether Reese has made an election; (3) that the commission be subrogated to any rights of Reese against the third party defendant, to the extent of its payments to, or on behalf of Reese.

STANFORD, PHELPS and LA PRADE, JJ., concur.

UDALL, C. J., concurs in the result.