Household Finance Corporation, a Corporation, Plaintiff-Appellant, v. Fred Suhr, Defendant-Appellee.

Gen. No. 48,802.

First District, Third Division.

October 30, 1963.

F. Stanley Rodkey, of Chicago (Curtis B. Shockey and Lloyd R. Mowery, of counsel), for appellant.

Morris Aronson, of Chicago, amicus curiae, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Fred Suhr, the defendant, refinanced his debt to the plaintiff, Household Finance Company. He defaulted in his payments and judgment was confessed against him. After the judgment was obtained, he commenced bankruptcy proceedings and the indebtedness was discharged.

The plaintiff then brought the present action for the unpaid balance of the refinanced loan, alleging that it had been secured by fraud. Suhr moved to dismiss the complaint on the ground that he had been adjudicated a bankrupt and that the Household Fi-

nance obligation and its judgment had been included in the schedule filed by him. His motion was sustained and Household Finance appealed. Suhr did not contest the appeal, however his attorney carried on in his behalf. The attorney moved to appear as amicus curiae and to file a brief. Because of the importance of the question involved, we allowed his motion to appear as amicus curiae and we welcomed his brief and the authorities cited therein.

According to the facts of the complaint, which the motion to dismiss admitted, at the time Suhr refinanced his loan he executed a written statement of his financial condition which was an inducement to making the loan. The statement he gave did not include all his creditors. He said he was indebted to the Citizens Loan Co. in the amount of $480, whereas he also owed and knew he owed the Guarantee Bank & Trust Co. $435.67, Mandel Bros. $267.34 and the Bureau of Internal Revenue $170.27. The complaint further alleged that Household Finance had no knowledge of the omissions, would not have made the loan if it had not been intentionally deceived and that by reason of the false representations suffered damages of $960.83.

The trial court gave careful consideration to the motion to dismiss and briefs were submitted—however, the court's order does not show the exact reason for dismissing the complaint. From the content of the motion, the reason could have been one or more of the following: (1) the action was barred because the prior judgment in contract was res judicata; (2) all obligations Suhr had to Household Finance were discharged in the bankruptcy proceeding or (3) the action was barred under the doctrine of the election of remedies.

■ ■ The first reason would have been unsound because the issues in a tort action for fraud and in a

confession of judgment pursuant to a cognovit note are in no way similar and certainly would not come within the doctrine of res judicata. Schoenbrod v. Rosenthal, 36 Ill App2d 112, 183 NE2d 188; Charles E. Harding Co. v. Harding, 352 Ill 417, 186 NE 152. The second reason would have been equally unsound. The policy of the Bankruptcy Act is to relieve the burdens of the honest debtor, not the dishonest. The part of the Act which applies directly to the present case is section 17 (11 USCA 35):

> "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive. . . ."

Before discussing the third, and what we assume to be the real reason for the trial court's dismissing the complaint, a normal inquiry would be why Household Finance did not take execution on its judgment rather than start a second suit in tort. The answer to this inquiry is found in Lawrence v. Wischnowsky, 344 Ill App 346, 100 NE2d 816, the case upon which the defendant relies.

In the Lawrence case the plaintiff obtained judgment upon a cognovit note. Subsequently, the defendant was adjudicated a voluntary bankrupt and the judgment was scheduled as an unsecured claim. Discharge followed. Later, the plaintiff sued out a pluries execution on his judgment for the unpaid balance thereon. The execution was delivered to the sheriff

295

in order to levy on certain real estate and the property was advertised for sale. The defendant then filed a motion to recall the execution on the ground that the debt had been discharged in bankruptcy. This motion was resisted by the plaintiff who asserted that underlying the judgment was a liability for willful conversion of property (another exception to discharge under the Bankruptcy Act) and as a result the debt was nondischargeable under 11 USCA 35. The court rejected the plaintiff's contention and granted defendant's motion to recall the execution. On appeal from that order the court upheld the trial judge and stated the following:

> "The question presented here is whether the non-dischargeable character of the original obligation for which a note or other commercial paper has been given may be shown even after the recovery of a judgment on the note, which judgment disclosed nothing to show that the debt is not dischargeable. This question is discussed in an interesting note on the subject in 170 ALR 368. . . .

> "Under this view of the law the nondischargeable character of the original obligation may be shown only by what appears on the judgment record or the record of the proceedings culminating in the judgment; so that, if nothing appears on that record showing that the original obligation was of a character excepted from the operation of the discharge in bankruptcy, the judgment will be discharged; and, conversely if that record discloses the nondischargeable character of the original obligation, the judgment will not be discharged.

> ". . . In the case at bar there is nothing in the record to show any nondischargeable feature of the obligation. It is a money judgment on the

296

note so far as the record shows. We believe the better view is as announced in the note, supra, that the judgment creditor should not be permitted to go behind the judgment to show the nondischargeable feature of the obligation. For these reasons the obligation being dischargeable in bankruptcy as shown by the record of the judgment, it is conclusive on the judgment creditor and he is not permitted to go behind the judgment."

The thrust of this case is clear. If a creditor takes judgment on a note and this judgment is subsequently discharged in bankruptcy, the creditor is virtually precluded from taking advantage of the exceptions to discharge listed in 11 USCA 35. In order to take advantage of the exceptions he must show the non-dischargeable character of the debt on the face of the record in the prior proceedings. In the normal course of events this would be almost impossible. For example in the instant case, Household Finance would have had to show, based on the record made in the Municipal Court at the time it confessed judgment on Suhr's note, that the debt had been incurred through fraudulent misrepresentation. This it could not do. The record did not show fraud and it could not have shown fraud: fraud would not appear on the face of a judgment note, and the fraud was unknown when the judgment was confessed. The approach the plaintiff has taken, a separate action in tort, gets around the holding of the Lawrence case, since that case applies only to subsequent proceedings on the same judgment which has been discharged. (See, however, the recent opinion in Tower Finance Corp. v. Winemiller, 43 Ill App2d 10, 192 NE2d 411.)

■ Since the situation in the present case is not covered by the opinion in the Lawrence case, the real question is whether plaintiff is precluded from insti-

297

tuting this suit under the doctrine of election of remedies, i. e., whether by suing on the note it waived its right to sue in tort for fraud. The case law on this subject indicates that there is no election of remedies in the present situation, that plaintiff can maintain an action on the note and a separate action for the fraud. Seno v. Franke, 16 Ill App2d 39, 147 NE2d 469.

This conclusion is supported by Schwarzschild & Sulzberger Co. v. Shapiro, 182 Ill App 40. In the Schwarzschild case the plaintiff alleged that the defendant, for the purpose of inducing a sale of goods on credit, falsely represented his financial condition. Plaintiff relied on these representations and sold goods to the defendant. The defendant resisted plaintiff's action for deceit by asserting that " 'any claims of whatsoever nature which the plaintiff had against the defendant were adjudicated in the case between the same parties hereto in the Municipal Court . . .' and that plaintiff 'waived any tort he may have had by the reason of the institution of a suit in contract, being the one heretofore above referred to.' " The trial court dismissed the suit on the ground that by bringing the prior action in contract, plaintiff waived its right of action in tort. On appeal the prior judgment did not appear as part of the record, but the record indicated that some sort of judgment in contract had been had. As one of several alternative assumptions as to the actual character of the judgment, the court considered the effect if it were a judgment on merits. In considering this point, the court noted the following:

> "If it could be assumed, without proof, that the former judgment was a judgment on the merits, the plea or affidavit of merits is even then, insufficient as a plea in bar, for it does not state that the former judgment was satisfied. It has

frequently been held that the mere recovery, without satisfaction, of a judgment on a contract is no bar to an action for deceit practiced in inducing the plaintiff to make the contract. . . .

"The theory upon which the court evidently acted in holding that 'the plaintiff by bringing an action on the contract waived its right of action in tort' was evidently the theory that there had been an election of remedies by the plaintiff. The doctrine of election of remedies, however, only applies where the remedies are inconsistent. If co-existent remedies are consistent with each other, the plaintiff 'may adopt all or select any one which he thinks best suited to the ends sought, and only the satisfaction of the claim in one case constitutes a bar in the other.' Bradner Smith & Co. v. Williams, 178 Ill 420, 427. The remedy by action in tort for fraud and deceit in the purchase of goods is not inconsistent with the remedy by action on the contract for the purchase price or value of the goods bought, for both actions proceed upon the theory of an affirmance of the contract by the plaintiff."

United States v. Temple, 147 F Supp 118 (DC Ill), was an action by the Federal government to recover damages for several transactions in which it was allegedly defrauded. In viewing one of many counts in the complaint, the court noted:

"Count V, however, is in a better position. Since it is an action in tort, Chanin v. Chevrolet Motor Co., 7 Cir, 1937, 89 F2d 889, 111 ALR 1235, it may be pursued in spite of a prior judgment in a contract action, since the two remedies are not inconsistent but are both based on an affirmation of the contract. Johnston v. Shockey, 1929, 335

Ill 363, 167 NE 54; 28 CJS, Election of Remedies, sec 1, et seq., P 1057, et seq."

In Gehlen v. Patterson, 83 NH 328, 141 Atl 914, the plaintiff brought suit on a judgment debt which had been obtained upon a promissory note. The defendant pleaded a discharge in bankruptcy which had been obtained subsequent to the judgment. By replication the plaintiff then pleaded that the loan for which the note had been given was obtained by fraud. The court upheld the plaintiff's showing of fraud and, although it held that the nondischargeable character of the debt could be shown outside the record of the action in which the judgment had been obtained (impossible under the Lawrence case), the case is helpful for its comments on the doctrine of election of remedies. At page 915 of the opinion the court states:

"Nor was there an election of remedies in suing on the note rather than for the fraud. The plaintiff had two causes of action which were separate and independent, and she had more than a choice between them. Suit on one was not inconsistent with suit on the other. Suit for the fraud would not destroy liability on the note, but, on the contrary, would affirm it. Conversely, suit on the note did not affect or necessarily raise the issue of fraud. While payment of one claim might liquidate in full or in part the damages for the other, yet until such payments both claims may be sued on at the same time, and, under what seems the better procedure, judgments be obtained in both. The judgments would not mutually conflict, although satisfaction of one would operate to satisfy in full or in part the other. 'Where the remedies afforded are inconsistent, it is the election of one that bars the other; where they are consistent, it is the satisfaction which acts as a bar.' Frederickson v. Nye, 110 Ohio St 459, 144

300

NE 299, 35 ALR 1163. Parallel situations are found in the frequent instance of separate suits at the same time on a note and in foreclosure of its security, and in separate actions against joint wrongdoers.

"The test is not whether the causes of action arise out of the same general subject-matter, but whether one action produces a status which necessarily bars the other. In example, assumpsit for the value of converted property confirms the defendant's title so as to bar trover, and an action of deceit in the sale of property confirms the sale so as to bar rescission and the right to return the property and recover its price. 'It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that forms of action are different.'" (Cites.)

In Consolidated Plan of Connecticut v. Bonitatibus, 130 Conn 199, 33 Atl2d 140, the plaintiff obtained a judgment against the defendants and later brought an action to recover the balance due. The defendants pleaded an intervening discharge in bankruptcy, and the plaintiff replied that the original loan was procured by fraudulent misrepresentations thereby making it nondischargeable under 11 USCA 35(a)(2). The defendant denied the fraud and the trial judge, after hearing the evidence as to fraud, ruled it inadmissible. From a judgment for the defendants, the plaintiff appealed urging that it was entitled to show fraud even though the judgment on which it was suing was in contract. This contention was rejected, but the court indicated that if the plaintiff had sued in tort rather than on the contract judgment, it would have been successful. This is borne out by the court's comments on page 141 of the opinion:

301

"The legal relation between creditors and debtors as to a debt that is not discharged is the same as though proceedings in bankruptcy did not exist. American Woolen Co. v. Maaget, 86 Conn 234, 240, 241, 85 A 583, Ann Cas 1913E, 889. The plaintiff in the instant case loaned money to the defendants and had their notes as evidence of this ·fact. It now claims the loan was made on the basis of fraudulent representations. The plaintiff had a cause of action in contract, which it pursued to judgment. It could have sued in tort for the fraud and, if it proved the necessary facts, have had judgment on that ground. These were distinct causes of action. The plaintiff has taken no step toward the prosecution of an action in fraud."

 It is implicit in the doctrine of election of remedies that a plaintiff knows he has a choice of remedies. In furtherance of this it has often been held that there can be no election when the plaintiff is ignorant as to the true facts. Barrett v. Continental Illinois Nat. Bank & Trust Co., 2 Ill App2d 70, 118 NE2d 631; Golinkin v. First Union Trust & Sav. Bank, 276 Ill App 40; Glezos v. Glezos, 346 Ill 96, 178 NE 379. The allegation in the complaint that Household Finance was unaware of the financial status of Suhr stands admitted by the motion to dismiss. In addition, the burden is on the defendant to show an election of remedies. Funkhouser v. Frazier, 234 Ill App 87. This burden was not met by a motion to dismiss.

This second effort by the plaintiff to·collect its debt is a new and distinct action. It is not an attempt to enforce the judgment which was obtained by confession and it is not an effort to introduce evidence of fraud de hors the record made when the judgment was confessed. Although the parties are the same

and the subject matter is the same, the cause of action is not. The plaintiff's suit is not barred by the rule in Lawrence v. Wischnowsky, supra, by res judicata, by the Bankruptcy Act nor by the doctrine of election of remedies.

The order of the Municipal Court is reversed and the cause remanded with directions to deny the motion to dismiss and for such other and further proceedings as are not inconsistent with the views herein expressed.

Reversed and remanded with directions.

SCHWARTZ, P. J. and McCORMICK, J., concur.