426 P.2d 647

**Robert D. MORGAN, Petitioner,**

**v.**

**Jack D. H. HAYS, Judge, Superior Court of the State of Arizona, in and for the County of Maricopa, and said Superior Court, Respondents,**

**and**

**Metro-Goldwyn-Mayer, Inc., Real Party in Interest.**

**No. 8653.**

Supreme Court of Arizona,
In Banc.

April 12, 1967.

Rehearing Denied May 9, 1967.

Snell & Wilmer, by Mark Wilmer, Phoenix, for petitioner.

Richard J. Daniels, Jennings, Strouss, Salmon & Trask, by Rex H. Moore, by Rex E. Lee, Phoenix, for respondents and real party in interest.

McFARLAND, Justice:

Robert D. Morgan, hereinafter referred to as petitioner, filed a petition with this court seeking issuance of a writ of certiorari to test the propriety of the granting of a motion to dismiss by Jack D. H. Hays, Judge of the Superior Court, Maricopa County, hereinafter referred to as respondent, in an action brought by petitioner against Metro-Goldwyn-Mayer, Inc., a Delaware corporation, real party in interest, hereinafter refered to as MGM.

Petitioner filed a complaint in Superior Court, Maricopa County, Arizona, on December 13, 1962, against MGM in which he alleged that on April 9, 1962, while in the employ of MGM in the capacity of a "stunt man" in the production of a motion picture "How the West Was Won," being filmed in part in Maricopa County, petitioner was injured through negligence of MGM, and suffered severe injuries as a result of said negligence. On April 30, 1964, MGM, through its attorneys, filed a motion to dismiss under Rule 12, Arizona Rules of Civil Procedure, 16 A.R.S., claiming that the court lacked jurisdiction over the subject matter of the claim for relief, and sought an order setting this motion for preliminary hearing to the court. Respondent ordered the preliminary hearing on the motion to dismiss by minute entry of May 19, 1964. Petitioner filed with this court a petition for writ of certiorari on June 4, 1964, seeking relief from the order of respondent granting a preliminary hearing on MGM's motion to dismiss for lack of jurisdiction over the subject matter, on the grounds that petitioner was entitled to a jury trial. We denied this petition by order of June 9, 1964.

After a hearing lasting four days, respondent took the motion under advisement,

and advised counsel that he was declining to rule upon the jurisdictional questions in advance of trial, and that the jury trial on the issue of common law negligence and damages would proceed. MGM then filed a petition for a writ of mandamus with this court. We granted a peremptory writ on June 17, 1964, which commanded respondent:

"* * * forthwith to rule on the matter of jurisdiction of said court in the above-entitled matter before proceeding to trial."

By order of June 17, 1964, respondent granted MGM's motion to dismiss for lack of jurisdiction, and in his findings of fact and conclusions of law respondent found that petitioner's exclusive remedy was vested either in the Industrial Accident Commission of the State of California, or The Industrial Commission of Arizona, and:

"By virtue of the foregoing conclusions, this Court does not have jurisdiction over the subject matter of this lawsuit and therefore the defendant's Motion to Dismiss should be granted and this cause should be dismissed and judgment should be entered in favor of the defendant."

The judgment of dismissal for lack of jurisdiction was filed on January 5, 1965. Petitioner filed his notice of appeal on February 26, 1965, but the appeal was not perfected by filing within sixty days a bond for costs as required under Rule 73(b), Arizona Rules of Civil Procedure, as amended 1961.

Petitioner then filed a petition for writ of certiorari with the Court of Appeals of Arizona, Division one, which was denied.

The petition was then presented to this court, and we granted the writ of certiorari for the purpose of passing upon the question of whether the petitioner was entitled to a trial by jury on the question of whether he had made an election to receive compensation under the Workmen's Compensation Act. It is the contention of the petitioner that the trial court erred in denying a jury trial. This court is committed to the rule that a question of election

to take under the Workmen's Compensation statute is a preliminary question to be decided by the trial court prior to jury trial. State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992.

■ If petitioner was covered by workmen's compensation, then his compensation would be determined by The Industrial Commission of Arizona, and the superior court would not have jurisdiction to try the issues presented; therefore, under the procedure that has been followed in this state for some fourteen years, the court must first determine whether it has jurisdiction before trying a case.

In State ex rel. Industrial Commission v. Pressley, supra, we held the question of election to take under the workmen's compensation statute is a preliminary question to be decided by the trial court prior to trial:

"Is the trial court the proper tribunal to determine whether Pressley has made an election? The answer is Yes. Next, is it the duty of the trial judge or the jury to decide that question? The answer: the trial judge should decide that question as a matter of law.

*    *    *    *    *    *

"In Taylor v. Hubbell, supra [9 Cir., 188 F.2d 106 at page 109], the court held that the question of election was one of law for the trial judge to decide, and said this:

" 'It is axiomatic that "Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist." [Cases cited.] Here the district court had jurisdiction of the subject matter only if plaintiff and Sanderson & Porter were "not in the same employ" and if plaintiff had not made an election under the statute to take compensation. S. H. Kress & Co. v. Superior Court, supra, 66 Ariz. 67, 182 P.2d 931. Being jurisdictional, these issues were triable to the court, not the jury. And the district court properly withheld them from consideration by the jury.    *    *    *' "

"Wright on Subrogation, supra, page 79, section 36, says:

" 'The authority of the employer, insurer or assignee to prosecute a cause of action under the subrogation statute has been held to be a preliminary question of law to be heard and determined by the trial judge and not an essential part of the plaintiff's cause triable by the jury.'

*    *    *    *    *    *

"To recapitulate, we affirm the second Pressley case in all respects. We further order, the alternative writ of mandamus heretofore issued be made peremptory and the commission be allowed to intervene; that the commission be allowed subrogation to any and all of Pressley's rights against the third party for payments made for 'accident benefits' received by Pressley; and that the trial judge hear and decide the question of election as a matter of law before proceeding with the trial of the case on its merits." 74 Ariz. at 415, 417, 422, 250 P.2d at 995, 996, 999

See also State ex rel. Industrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001.

In the Pressley case, supra, we followed the general rule, as stated in 20 Am.Jur.2d, Courts, § 92:

"§ 92. Power and duty to determine jurisdiction.

"A court has the power and duty to examine and to determine whether it has jurisdiction of a matter presented to it, its determination being subject, of course, to appellate review. This question should be considered by the court before it looks at other matters involved in the case, and before determining whether the parties are entitled to a jury trial if the court has jurisdiction of the case.    *    *    *" 20 Am.Jur.2d at 453

The rule is also set forth in 21 C.J.S. Courts § 113, as follows:

"§ 113. Power of Court to Determine Its Own Jurisdiction

"Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to

parties and as to subject matter, and to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction. The court necessarily decides that it has jurisdiction by proceeding in the cause.

"When at any time or in any manner it is represented to the court that it has not jurisdiction, the court should examine the grounds of its jurisdiction before proceeding further, the question of jurisdiction being always open for determination. The court may receive testimony on a preliminary question to determine its jurisdiction, and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment." 21 C.J.S. at 174, 175

In the case of Burgess v. Gibbs, 262 N.C. 462, 137 S.E.2d 806, the court said:

"Among other defenses, the answer of the defendant alleges as a plea in bar to plaintiff's action his immunity to suit at common law by plaintiff in this case and his nonliability under the provisions of G.S. § 97-9 and G.S. § 97-10.1 of the N. C. Workmen's Compensation Act.

"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity. High v. Pearce, 220 N.C. 266, 17 S.E.2d 108. If a court finds at any stage of the proceedings it is without jurisdiction, it is its duty to take notice of the defect and stay, quash or dismiss the suit. In re Davis v. Custody, 248 N.C. 423, 103 S.E.2d 503. 'This is necessary, to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment. * * * So, *ex necessitate,* the court may, on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding.' Branch v. Houston, 44 N.C. 85.

"When the trial judge in the absence of the jury heard and decided all questions relating to the court's jurisdiction to entertain the instant action, he followed the sound rule that every court necessarily has inherent judicial power to inquire into, hear and determine the questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction. [Cases cited.]

"In Bridges v. Wyandotte Worsted Co., supra, [243 S.C. 1, 132 S.E.2d 18], the Court said:

"'The issue of jurisdiction is basically one of law. It involves the determination by the court of its right to proceed with the litigation. A decision of this question by the court deprives a litigant of no right to a jury trial of the issue of liability because, if the court has no jurisdiction, the litigants have no rights which they may assert in that court. The right to have a jury pass upon the controverted factual issues must of necessity relate to the assertion of the right of the litigant which has been allegedly violated, which presupposes a court having jurisdiction to grant the relief sought. The determination of the jurisdictional question by the court is not a denial of any constitutional right of a litigant to a jury trial, but simply a determination of the forum in which those rights may properly be asserted. The decision of the question of whether the court has jurisdiction is a preliminary one to the determination of the merits of the cause, and is for the court to decide.'" 137 S.E.2d at 807, 808

In Adams v. Davison-Paxon Company, 230 S.C. 532, 96 S.E.2d 566, the court stated the same rule:

"It has been consistently held that whether the claim of an injured workman is within the jurisdiction of the Industrial Commission is a matter of law for decision by the court, which includes the finding of the facts which relate to jurisdiction. [Cases cited.]

"Thus the trial court should have in this case resolved the conflicts in the evidence and determined the fact of whether Emporium was performing a part of the

'trade, business or occupation' of the department store-appellant and, therefore, whether respondent's remedy is exclusively under the Workmen's Compensation Law. * * *" 96 S.E.2d at 571, 572

Petitioner relies most heavily on the case of Byrd v. Blue Ridge Rural Electric Co-operative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953, in which the Supreme Court of the United States refused to follow the procedure of the state court in South Carolina; however, in doing so, it recognized a distinction in the procedure in the federal courts and that in the state courts—which distinction is specifically applicable in the State of Arizona.

The Court stated:

"We have discussed the problem upon the assumption that the outcome of the litigation may be substantially affected by whether the issue of immunity is decided by a judge or a jury. But clearly there is not present here the certainty that a different result would follow, cf. Guaranty Trust Co. of New York v. York, [326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231], supra, or even the strong possibility that this would be the case, cf. Bernhardt v. Polygraphic Co. of America, Inc. [350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199], supra. There are factors present here which might reduce that possibility. The trial judge in the federal system has powers denied the judges of many States to comment on the weight of evidence and credibility of witnesses, and discretion to grant a new trial if the verdict appears to him to be against the weight of the evidence. We do not think the likelihood of a different result is so strong as to require the federal practice of jury determination of disputed factual issues to yield to the state rule in the interest of uniformity of outcome." 78 S.Ct. at 902, 2 L.Ed.2d at 963, 964

We would also call attention to the fact that this was not a unanimous opinion, and the dissenting opinion, as stated by Justice Whittaker, succinctly states why we should not depart from Pressley, supra.

"It thus seems to be settled under the South Carolina Workmen's Compensation Law, and the decisions of the highest court of that State construing it, that the question whether exclusive jurisdiction, in cases like this, is vested in its Industrial Commission or in its courts of general jurisdiction is one for decision by the court, not by a jury. The Federal District Court, in this diversity case, is bound to follow the substantive South Carolina law that would be applied if the trial were to be held in a South Carolina court, in which State the Federal District Court sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. * * *

* * * * * *

" * * * [W]e are dealing with a right to recover derived not from the United States but from one of the States. When, because the plaintiff happens to be a non-resident, such a right is enforceable in a federal as well as in a State court, *the forms and mode of enforcing the right* may at times, naturally enough, vary because the two judicial systems are not identic. * * *" 78 S.Ct. at 906, 2 L.Ed.2d at 968, 969

Justice Whittaker does not follow the reasoning of the majority in holding that the difference in the procedures allowing the "judges of many States to comment on the weight of evidence and credibility of witnesses, etc.," as sufficient safeguard against affecting the substantial rights of the parties.

Petitioner has also cited a number of Arizona cases which he contends supports his position, which were decided prior to our decision in Pressley, supra. We do not deem it necessary to comment on these cases, for the members of the court were aware of them at the time of the decision in Pressley. We also call attention to the fact that such cases as Boyden v. Lamb, 152 Mass. 416, 25 N.E. 609 (1890), and Coghlan v. White, 236 Mass. 165, 128 N.E. 33 (1920), dealt with a waiver of the right to bring court damages after electing to re-

ceive compensation. In a more recent case, Nealon v. Sullivan, 334 Mass. 213, 134 N.E. 2d 886 (1956), the Massachusetts court, in determining the question of whether an election in a workmen's compensation case should be decided by the judge of the jury, the court stated:

"* * * If having accepted compensation he prosecutes an action at law against such other person, a preliminary question is presented to the court whether such action was authorized. This question is to be decided by the judge. (Citing cases)" 134 N.E.2d at 889

State ex rel. Industrial Commission v. Pressley was decided after mature consideration. Such a case should not be overruled unless it is required by impelling reasons. We find no such reasons to permit the question of jurisdiction to be submitted to a jury in the trial of the case on the merits which might well result in a two or three week trial in a case where the court would have to direct a verdict in favor of a defendant under the evidence. We do not feel that the rule (Rule 42(b) Arizona Rules of Civil Procedure, 16 A.R.S., as amended 1966) permitting the court to order a separate trial on the question of jurisdiction would be sufficient to overcome this objection, in that it would require delay and determination by the court as to whether the facts in each case would justify such a separate trial. We have held —in State ex rel. Industrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001—that the Industrial Commission has a right to intervene in a question of jurisdiction. Such an intervention might also result in confusion, if the question of jurisdiction were decided by the jury.

Petitioner also contends that the court erred in that the facts did not support the court's holding that it did not have jurisdiction. One of the grounds given by the court below in so holding was that petitioner had made a waiver under § 23-1024. The court stated:

"The plaintiff, by making a claim for Workmen's Compensation benefits and continuing to accept the same with full knowledge of his legal rights and with full knowledge of the legal conditions precedent to a suit against his employer, waived any right or option, if any, which he ever had to file any claim in this Court against his employer."

This conclusion of the court was supported by its findings of facts:

"29. Following his admission to the hospital and on or about April 16, 1962, plaintiff sought and obtained the legal advice of the law firm of Snell & Wilmer, Phoenix, Arizona, and in particular, consulted with Mr. Frederick K. Steiner, Jr., a partner, and Donald Daughton, an associate of that law firm.

"30. On April 16 and again on April 19, 1962, when plaintiff was interviewed by said attorneys while in the hospital, he was lucid and responsive and was able to give an account of the accident and expressed a strong desire to sue his employer for what he believed was their negligence. He advised said attorneys that he had signed some document respecting Workmen's Compensation and that, among other things, said document provided that his benefits would be 65% of $1,000.00 per month.

"31. The plaintiff sought and received legal advice from said attorneys with respect to whether or not he had an option to sue his employer for damages; that he was advised by said attorneys that his sole and exclusive remedy was a claim against the Industrial Commission of Arizona for Workmen's Compensation Benefits unless his employer failed to comply with the requirements of the Act in obtaining Workmen's Compensation Insurance, posting of notices or availability of rejection slips. Said attorneys advised him that he should accept Workmen's Compensation Benefits, said advice being given both orally and in writing.

"32. After consulting with said attorneys and on or about April 23, 1962, plaintiff executed or caused to be executed and filed with the Industrial Commission of

Arizona a document entitled 'Workman's Report of Injuries and Application for Benefits'."

The court went on to find that claims had been presented, and petitioner was paid compensation in a total sum of $4,795.41, and medical and hospital expense in the sum of $15,246.70. These findings of the court were substantially supported by the evidence. Under these circumstances we do not feel that the court erred in its conclusion that there had been a waiver. Since the waiver alone is sufficient, it is not necessary for us to pass upon the other matters raised by the petitioner in regard to the jurisdiction of the court, and having decided this case upon its merits it is not necessary for us to pass upon the propriety or the timeliness of the filing of the writ of certiorari after the time for appeal has expired.

Judgment affirmed.

UDALL and LOCKWOOD, JJ., concur.

STRUCKMEYER, Justice (dissenting).

The majority, in reaffirming the holding in State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992, have compounded the error initiated by the language used in S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931 (1947). The error now results in denying petitioner the right to trial by jury guaranteed by Article 2, § 23 of the Constitution, A.R.S. of this state.

### PETITIONER'S RIGHT TO SUE

By Article 18, § 6 of the Constitution of Arizona, adopted at statehood in 1912, employees were guaranteed a right of action to recover damages for personal injuries suffered during the course of employment.

"The right of action to recover damages for injuries shall never be abrogated, * * *." Art. 18, § 6, Const. of Arizona.

Of Article 18, § 6, we said:

"Taken into consideration with the preceding sections 4 and 5, it is beyond question that the 'right of action to recover damages for injuries * * *' therein mentioned is the common-law action of negligence, * * *." Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 443, 242 P. 658, 665.

We also said:

"It is urged that this provision makes the former common-law action for negligence a constitutional one, and that it cannot be abrogated by the Legislature. We think there is no question that this proposition, stated in the abstract, is correct." Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 420, 300 P. 958, 959.

Thereafter, the people of Arizona, in 1925, amended the Constitution to provide for a workmen's compensation law.

"The Legislature shall enact a Workmen's Compensation Law * * * by which compensation shall be required to be paid to any such workman, in case of his injury * * *; provided that it shall be optional with any employee engaged in such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution; * * *." Art. 18, § 8, Const. of Arizona.

This amendment gives an employee alternative remedies where the employee has received personal injuries. He has the option to bring suit against those responsible for his injuries or to take the benefits conferred by workmen's compensation. It does not restrict the right of action to recover damages; it simply gives an injured workman an additional remedy, the right to take compensation if he so chooses.

The legislature did enact a workmen's compensation law. It recognized and reinforced the plain language of the Constitution by providing that it would be optional with an employee as to whether he accepted compensation or retained the right to sue

the employer. Laws of 1925, Ch. 83, § 60, now A.R.S. § 23–906, subsec. A.[1] By subsections B, C, D and E of § 23–906,[2] the legislature provided the circumstances by which the employee signified his acceptance of the election to take compensation, thus waiving the right to sue guaranteed by Article 18, § 6.

It will be noticed that in subsection B the statute uses the word "election" and in subsections C and D "elected". This election is an election of remedies.

"An election of remedies has been defined as the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. The phrase is also used in a more restrictive sense to

denote the doctrine that the adoption, by an unequivocal act, of one or two or more inconsistent remedial rights has the effect of precluding a resort to the others." 25 Am.Jur.2d, Election of Remedies, p. 646.

"An election of remedies is an affirmative defense. It must be pleaded by the party who asserts it and the burden of proof is on him to establish it." Kuhl v. Hayes, 10 Cir., 212 F.2d 37. And see Bagwell v. Susman, 6 Cir., 165 F.2d 412.

"But, apart from that, it is not the plaintiff's burden to prove that his action is outside the scope of the Workmen's Compensation Act, N.J.S.A. 34:15–1. Compare Butler v. Eberstadt, 113 N.J.L. 569, 175 A. 159. That would be a matter

---

1. "A. Employers who comply with the provisions of § 23–961 as to securing compensation shall not be liable for damages at common law or by statute, except as provided in this section, for injury or death of an employee wherever occurring, but it shall be optional with employees to accept compensation as provided by this chapter or to reject the provisions of this chapter and retain the right to sue the employer as provided by law."

2. "B. The employee's election to reject the provisions of this chapter shall be made by a notice in writing, signed and dated by him and given to his employer, in duplicate in substantially the following form:
'To (name of employer):
You are hereby notified that the undersigned elects to reject the terms, conditions and provisions of the law for the payment of compensation, as provided by the compulsory compensation law of the state of Arizona, and acts amendatory thereto.'
"C. The notice shall be filed with the employer prior to injuries sustained by the employee, and thereafter within five days the employer shall file with the commission the duplicate of the notice so served by the employee. All employees shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions and provisions of this chapter unless the notice in writing has been served by the employee upon his employer prior to injury.
"D. Every employer engaged in the occupations designated in this chapter shall

post and keep posted in a conspicuous place upon his premises, in all languages spoken by his employees and available for inspection by all workmen, a notice in substantially the following form:
'All employees are hereby notified that in the event they do not specifically reject the provisions of the compulsory compensation law they are deemed by the laws of Arizona to have accepted the provisions of such law, and to have elected to accept compensation under the terms of such law, and that under the terms thereof employees have the right to reject the same by written notice thereof prior to any injury sustained, and that blanks and forms for such notice are available to all employees at the office of this company.'
"E. If an employer fails to post and keep posted the notice as required by this section, or fails to keep available at the place where the employees are hired the blank forms of notice to be signed by the employee, no employee who thereafter engages in employment for such employer, during the time that the notices are not posted or during the time that the blanks are not available, shall be deemed to have accepted the provisions of this chapter, and it shall be optional for such employee, if injured during the period when blanks were not available or the notice was not posted, to accept compensation under the provisions of this chapter or maintain other action against the employer."

of defense to be advanced by the defendant." Dailey v. Mutual Chemical Co. of America, 125 N.J.L. 465, 16 A.2d 557, aff'd. 126 N.J.L. 426, 19 A.2d 778.

As an affirmative defense, an election of remedies cannot be raised by a motion to dismiss as was done in the instant case. Macias v. Klein, D.C., 106 F.Supp. 107; Southern Farmers Asso., Inc. v. Wyatt, 234 Ark. 649, 353 S.W.2d 531; Household Finance Corp. v. Suhr, 44 Ill.App.2d 292, 193 N.E.2d 611; Vitarelli v. Brunson Const. Corp., 235 App.Div. 804, 256 N.Y.S. 637; Hanover Estates, Inc. v. Finkelstein, 194 Misc. 755, 86 N.Y.S.2d 316; Saso v. State, 20 Misc.2d 826, 194 N.Y.S.2d 789; New Hanover County v. Sidbury, 225 N.C. 679, 36 S.E.2d 242.

The choice, denominated an election by the statute, is essentially a waiver of the right of action to recover damages for injuries guaranteed to petitioner by Article 18, § 6 of the Constitution. The essence of a waiver is that there be an opportunity of choice between the relinquishment and the enforcement of a right. Arizona Title Guarantee & Trust Co. v. Modern Homes, 84 Ariz. 399, 330 P.2d 113. It is the intentional relinquishment of a known right. Murphey v. Valenzuela, 95 Ariz. 30, 386 P.2d 78; City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411; In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497; Meason v. Ralston Purina Co., 56 Ariz. 291, 107 P.2d 224; Southwest Cotton Co. v. Valley Bank, 26 Ariz. 559, 227 P. 986.

Waiver must be pleaded affirmatively.

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, *waiver*, and any other matter constituting an avoidance or affirmative defense. * * *" Rule 8(d), Rules of Civil Procedure, 16 A.R.S. (Emphasis supplied.)

And see Allstate Insurance Co. v. Moldenhauer, 7 Cir., 193 F.2d 663; Western Casualty and Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; Hunter Milling Co. v. Koch, 10 Cir., 82 F.2d 735.

The burden of proving waiver is upon the party claiming or asserting it. Cowles v. Ohio Farmers Insurance Co., 242 F.2d 73; Buffum v. Chase National Bank, 7 Cir., 192 F.2d 58, cert. denied 342 U.S. 944, 96 L.Ed. 702, 72 S.Ct. 558. Waiver is a question of fact for the jury where the facts are disputed. Cannon v. Travelers Indemnity Co., 8 Cir., 314 F.2d 657; Albert v. Joralemon, 9 Cir., 271 F.2d 236; Home Indemnity Co. of New York v. Allen, 7 Cir., 190 F.2d 490; Ross Engineering Co. v. Pace, 4 Cir., 153 F.2d 35. "The cases uniformly hold that questions of waiver are questions of fact to be submitted to the jury." Ross Engineering Co. v. Pace, supra, 153 F.2d 35, 50.

It is, of course, immaterial whether the selection of one or the other of the options provided in the Constitution, Art. 18, § 8, is denominated a waiver or an election of remedies. The result is the same.

"An employer who contends that he is one of a class of persons protected from an action at law by the Workmen's Compensation Act must plead and prove the conditions necessary to bring himself within the statute. The employee is pursuing a common law remedy which existed before the enactment of the statute and which continues to exist in cases not covered by the statute. It is incumbent upon the employer to prove that the Workmen's Compensation Act is a bar to the employees' ordinary remedy." Popejoy v. Hannon, 37 Cal.2d 159, 231 P.2d 484.

At this point it might be well to summarize: One, the Constitution, by Article 18, § 6, gives petitioner a right of action to recover damages for his personal injuries— a right which "shall never be abrogated." Two, the subsequent amendment, Article 18, § 8, gives him an additional right, that is, a choice between the right to sue or to take

compensation without suit. Three, the legislative enactment, § 23-906, since it can neither augment nor diminish the right to sue granted by the Constitution, simply provides the time when and method by which the election or waiver of that right is evidenced. And four, the assertion of an election or waiver by the employer is an affirmative defense not to be determined on motion, but as any other contested factual issue.

## PETITIONER'S RIGHT TO TRIAL BY JURY

By the Constitution, Article 2, § 23, the people of this state have provided:

"The right of trial by jury shall remain inviolate, * * *."

We have said repeatedly that the Constitution does not give the right to trial by jury, but its purpose is to guarantee a preservation of the right. Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479; State v. Cousins, 97 Ariz. 105, 397 P.2d 217; Brown v. Greer, 16 Ariz. 215, 141 P. 841. Since the Constitution preserves a jury trial in the common-law action of negligence, Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658, supra, it would seem beyond the possibility of quibbling that Morgan should have had a jury trial on Metro-Goldwyn-Mayer's affirmative defense that he elected to take under the Workmen's Compensation Act, thereby waiving his common-law action.

"It is fundamental that the California Constitution preserves to litigants the right to jury trial as it existed at common law in 1850. * * * The legislature may not, directly, or in the guise of procedural changes or changes in remedy, deprive a litigant of a jury in a case formerly triable at law. People v. Kelly, 203 Cal. 128, 133, 263 P. 226. People v. One 1941 Chevrolet Coupe, supra, 37 Cal. 2d 283, 299, 231 P.2d 832." Ripling v. Superior Court, 112 Cal.App.2d 399, 247 P.2d 117.

How is it, then, that the majority of this Court now concludes, in the face of such plain, unequivocal, constitutional language that the question of petitioner's waiver of his constitutional right of action is to be determined by the trial judge?

The words of Justice Frankfurter, in his dissent to Yonkers v. United States, 320 U.S. 685, 695, 64 S.Ct. 327, 333, 88 L.Ed 400, capsulizes the problem here:

" 'Jurisdiction' competes with 'right' as one of the most deceptive of legal pitfalls."

We have here a simple case in which the petitioner is seeking to exercise his constitutional right but the majority persist in talking about "jurisdiction."

The Arizona Constitution, Article 18, § 6, speaks of the " 'right of action' to recover damages." The right to bring suit to obtain the relief sought is a "right of action." It is the right to pursue a remedy.

"At the risk of being elementary, it is well to define certain terms—the more so as they have been, at times, a source of confusion. The right of action is merely the right to pursue a remedy." Yankwich, J., in United States v. Standard Oil Co. of Calif., D.C., 21 F.Supp. 645, 660.

And see Adams v. Albany, D.C., 80 F.Supp. 876; Foster v. Humburg, 180 Kan. 64, 299 P.2d 46; Douglas v. Daniels Bro. Coal Co., 135 Ohio St. 641, 22 N.E.2d 195, 125 A.L.R. 761; Landry v. Acme Flour Mills, 202 Okl. 170, 211 P.2d 512; East Side, etc., Co. v. Southeast Portland Lumber Co., 155 Or. 367, 64 P.2d 625; Elmo v. James (Tex.Civ. App.), 282 S.W. 835; Seymour v. Richardson, 194 Va. 709, 75 S.E.2d 77.

The statute does not confuse "jurisdiction" with the "right to pursue a remedy."

"The right to recover compensation pursuant to the provisions of this chapter for injury sustained by an employee shall be the exclusive *remedy* against the employer, except as provided by §§ 23–906 * * *." A.R.S. § 23–1022. (Emphasis supplied.)

It says the right to recover compensation shall be the remedy.

The error in confusing jurisdiction with the petitioner's right to pursue a remedy in the superior court originated in S. H. Kress Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931. There, a suit was brought by a minor, age thirteen, against the Kress Company for his personal injuries. The Kress Company brought a writ of prohibition in this Court. In the course of the decision holding that a minor could make a valid election, the Court said:

"* * * it is the prime contention of the respondent that in light of the constitutional provision heretofore quoted, the child labor laws of our state and sections of our Workmen's Compensation Law that the child involved in this case was not sui juris to make a binding election before injury so as to make the Workmen's Compensation Act his exclusive remedy, and the writ of prohibition in this case should not issue since the Superior Court has jurisdiction to hear this case."

It then said this:

"Statutes direct that the Superior Court has no jurisdiction to hear this case if the injured boy's exclusive remedy is under the Workmen's Compensation Act, for the right to appeal is by statute only * * * and the only appeal given from an award of the Commission is by Sec. 56–972, A.C.A. 1939: * * *." 66 Ariz. at 72, 182 P.2d at 934.

This latter statement is palpably a non sequitur. The right to appeal from an award of the Industrial Commission is, of course, given by statute exclusively to the Supreme Court; but respondent, as plaintiff in the superior court, was not attempting to appeal an award of the Commission. He was seeking to invoke a right of action guaranteed by the Constitution of Arizona, Article 18, § 6, supra. The Industrial Commission, by processing the claim under legislative acts, could not oust the jurisdiction granted to the superior court by Article 6, § 14 of the Constitution of Arizona to hear and determine respondent's case.

"Jurisdiction is the power to decide a case on its merits." Sil-flo Corp. v. Bowen, 98 Ariz. 77, 402 P.2d 22. It is not dependent upon the unsuccessful assertion of a defense such as accord and satisfaction, contributory negligence, estoppel, failure of consideration, fraud, laches, release, limitation of actions, waiver or election. These are defensive matters which, if found to be true, would defeat recovery on a plaintiff's right of action. It would be an absurdity, to which this Court would not for one moment listen, were it urged, for example, that contributory negligence, fraud, estoppel or laches could be raised by a motion to dismiss and decided by the trial judge without submission to a jury by the occult device of labeling the issue "jurisdictional."

In March, 1951, the United States Court of Appeals, Ninth Circuit, decided Taylor v. Hubbell, 188 F.2d 106. There, it seized upon the language of the Kress case, saying:

"* *. * And where allowance by the Commission is the exclusive remedy of an injured workman, the Arizona courts have 'no jurisdiction to hear' an action for damages. S. H. Kress & Co. v. Superior Court, 1947, 66 Ariz. 67, 182 P.2d 931, 934." 188 F.2d at 108

and concluded:

"Being jurisdictional, these issues [as to whether there had been an election] were triable to the court not to the jury." 188 F.2d at 109.

This error was perpetuated the following year in State ex rel. Industrial Commission v. Pressley, Nov. 1952, 74 Ariz. 412, 250 P.2d 992, wherein this Court quoted from and followed Taylor v. Hubbell without serious analysis.

Palpably, there is here no question of jurisdiction. The matter is as simple as this: If the jury determines the election against the plaintiff in the superior court, judgment should be entered in defendant's favor. The determination of whether the exclusive remedy is in the Commission is

just another factual issue to be decided as all factual issues have been decided from time immemorial under the Anglo-American jury system.

I cannot acquiesce in this Court's disposition of the case. The language of the Kress decision, misapplied in Pressley and now stubbornly adhered to, whittles away at one of the most valuable of constitutional rights so that now a workman of this state may not have a jury resolve this dispute with his employer.

I dissent.

BERNSTEIN, C. J., concurs in the dissent.