IN RE BARNES, A MINOR CHILD

No. 896DC389

(Filed 6 February 1990)

1. **Appeal and Error § 24 (NCI3d)— termination of parental rights—failure to make certain exceptions—appeal not dismissed**

   Even though respondent in a termination of parental rights proceeding violated the North Carolina Rules of Appellate Procedure by not entering an exception in the record relating to the failure of the trial court to appoint a guardian ad litem for the minor child and not making an objection or exception at trial to the court's failure to appoint a guardian ad litem, the Court of Appeals was unwilling to dismiss the appeal. The termination statute requires that termination proceed only in the best interests of the child, the child was aged twenty-two months, was not represented, and obviously could not enter the required objections at trial or in the appellate record.

   **Am Jur 2d, Appeal and Error §§ 545, 550.**

2. **Parent and Child § 1.5 (NCI3d)— termination of parental rights—requirement of guardian ad litem for child**

   A proceeding terminating parental rights was remanded where the court did not appoint a guardian ad litem for the child. N.C.G.S. § 7A-289.39(b) provides that the court shall appoint a guardian ad litem to represent the best interests of the child if the answer denies any material allegation of the petition; furthermore, N.C.G.S. § 1A-1, Rule 17(c) mandates that a guardian ad litem must always be appointed for a minor child in a termination proceeding regardless of whether a respondent filed an answer denying material allegations of the petition.

   **Am Jur 2d, Infants § 30; Parent and Child § 34.**

**IN RE BARNES**

[97 N.C. App. 325 (1990)]

APPEAL by respondent from order entered 10 March 1989, *nunc pro tunc* 28 December 1988 by *Judge Robert E. Williford* in BERTIE County District Court. Heard in the Court of Appeals 17 October 1989.

*Donnie R. Taylor for petitioner-appellee.*

*Leahy and Moore, by Kevin M. Leahy, for respondent-appellant.*

GREENE, Judge.

This action arose as a petition for termination of parental rights under N.C.G.S. § 7A-289.22 et seq. (1989). The trial court terminated both parents' parental rights, and only the father appeals.

Subsequent to the filing of the petition to terminate the parental rights, the respondent filed an answer denying the material allegations of the petition. The trial court did not appoint a guardian ad litem for the minor child, and it proceeded to conduct an adjudicatory hearing on termination, N.C.G.S. § 7A-289.30, and a subsequent disposition, N.C.G.S. § 7A-289.31. The respondent employed counsel for his representation during the proceedings.

The respondent failed to comply with our Rules of Appellate Procedure in at least two respects: (1) there was no exception entered in the record relating to failure of the trial court to appoint a guardian ad litem for the minor child, and (2) there was no objection or exception made at trial to the court's failure to appoint a guardian ad litem. North Carolina Rule of Appellate Procedure Rule 10(b)(1).

The issues presented are I) whether the respondent's failure to comply with the Rules of Appellate Procedure requires dismissal when the substantial rights of a minor, who had no guardian ad litem, were violated; and II) whether the trial court's failure to appoint a guardian ad litem for a child in a termination proceeding is error requiring a new hearing.

I

[1] We are unwilling to dismiss this appeal for the respondent's noncompliance with our rules when the termination statute requires that termination proceed only in the best interests of the child, N.C.G.S. § 7A-289.22(3), and the child aged twenty-two months, a party to the proceeding, was not represented and obviously could not enter the required objections at trial or in the appellate record.

Therefore, we supersede the rules and accept this appeal. North Carolina Rule of Appellate Procedure 2.

[2]   N.C.G.S. § 7A-289.29(b) (1989) provides in pertinent part:

> If an answer denies any material allegation of the petition, the court *shall* appoint a guardian ad litem for the child to represent the best interests of the child. . . . [Emphasis added.]

Since the respondent filed an answer denying material allegations of the petition and the court did not appoint a guardian ad litem for the child, the court failed to carry out its statutory mandate. In addition, where the respondent, as here, was represented by counsel, "fundamental fairness requires that the minor child be represented by counsel." *In re Clark*, 303 N.C. 592, 600-01, 281 S.E.2d 47, 53 (1981).

Furthermore, N.C.G.S. § 1A-1, Rule 17(c) mandates that a guardian ad litem must always be appointed for a minor child in a termination proceeding regardless of whether a respondent filed an answer denying material allegations of the petition. *In re Clark*, 303 N.C. at 598, 281 S.E.2d at 52. We must remand for appointment of a guardian ad litem for the child following which the trial court must conduct, de novo, the appropriate proceedings under N.C.G.S. § 7A-289.22 et seq.

Vacated and remanded.

Judges EAGLES and PARKER concur.