IN RE: David Wayne Fuller, Jr., A minor child

No. COA00-1117

(Filed 3 July 2001)

**Termination of Parental Rights— failure to appoint guardian ad litem—failure to object at trial**

The trial court erred by terminating respondent father's parental rights without appointing a guardian ad litem to represent the interests of the juvenile despite respondent's failure to object to the violation of N.C.G.S. § 7B-1108(b) at trial, because: (1) respondent denied material allegations set forth in the petition, and N.C.G.S. § 7B-1108(b) states the court shall appoint a guardian ad litem for the juvenile to represent the best interests of the juvenile if an answer denies any material allegation of the petition seeking termination; and (2) the appellate rules are suspended since the juvenile did not attend the termination hearing and was unable to lodge objections to the trial court's error in the proceeding below or on appeal.

Appeal by respondent from order entered 22 March 2000 by Judge William G. Hamby, Jr. in District Court, Cabarrus County. Heard in the Court of Appeals 22 May 2001.

*Margaret B. Markey for petitioner-appellee.*

*Baucom & Robertson, by Scott C. Robertson, for respondent-appellant.*

TIMMONS-GOODSON, Judge.

David Wayne Fuller, Sr. ("respondent") appeals an order terminating his parental rights pursuant to section 7B-1100 *et seq.* of our General Statutes. Upon review of the record and arguments of counsel, we reverse the termination order and remand for proceedings *de novo*.

The facts pertinent to the appeal are as follows: David Wayne Fuller, Jr. ("the juvenile"), born 7 November 1991, is the son of respondent and Arrah Elizabeth Kline ("petitioner"). Petitioner and respondent were married on 18 August 1990 and subsequently divorced on 25 January 1994. Petitioner was awarded legal custody of the juvenile, who now resides with petitioner and his stepfather in Cabarrus County, North Carolina.

IN RE FULLER

[144 N.C. App. 620 (2001)]

On 20 July 1999, petitioner, represented by counsel, filed a petition seeking to terminate respondent's parental rights based on grounds which included abandonment and failure to maintain support. Respondent, also represented by counsel, filed an answer, denying several of the material allegations set forth in the petition. At no time before or during the termination proceedings below did the trial court appoint a guardian ad litem for the juvenile or otherwise insure his representation. Following a trial in the matter, the trial court concluded that the best interests of the juvenile would be served by terminating respondent's parental rights and consequently entered an order of termination on 22 March 2000. Respondent now appeals.

The dispositive issue on appeal is whether the trial court erred by terminating respondent's parental rights without appointing a guardian ad litem to represent the interests of the juvenile. Section 7B-1108(b) of the North Carolina General Statutes provides: "If an answer denies any material allegation of the petition [seeking termination], the court *shall* appoint a guardian ad litem for the juvenile to represent the best interests of the juvenile . . . ." N.C. Gen. Stat. § 7B-1108(b) (1999) (emphasis added). Because respondent denied material allegations set forth in the petition, the trial court's failure to appoint a guardian ad litem clearly violated section 7B-1108(b).

Petitioner acknowledges on appeal that the trial court erred in failing to appoint a guardian ad litem for the juvenile, but argues that the court's order should not be reversed because respondent failed to object to the violation of section 7B-1108(b) at trial. We disagree.

The North Carolina General Assembly recently enacted Section 7B-1108(b),[1] and as such, our appellate courts have yet to examine whether the statute mandates reversal for noncompliance, where a court's violation of the statute was not objected to at trial. However, in *In re Barnes*, 97 N.C. App. 325, 388 S.E.2d 237 (1990), this Court examined the propriety of the statute which preceded section 7B-1108(b) and which contained substantially the same language. We find *Barnes* dispositive of the issue presented by the present appeal.

The *Barnes* Court was concerned with section 7A-289.29(b) of the North Carolina General Statutes which stated: "If an answer

---

1. We recognize that the General Assembly has amended section 7B-1108(b) since the inception of the present action. *See* N.C. Gen. Stat. § 7B-1108(b) (effective date Oct. 1, 2000). However, these most recent amendments do not affect the disposition of the present appeal.

denies any material allegation of the petition, the court shall appoint a guardian ad litem for the child to represent the best interests of the child . . . ." N.C. Gen. Stat. § 7A-289.29(b) (1990) (repealed by 1998 N.C. Sess. Laws ch. 202, effective Jan. 1, 1999). In *Barnes*, as in the present case, the trial court failed to appoint a guardian ad litem for the minor child. However, in violation of North Carolina's Rules of Appellate Procedure, respondent failed to object to the trial court's failure to comply with section 7A-289.29(b) during the termination proceedings or to assign error to that noncompliance on appeal.

Despite the respondent's failure to comply with our appellate rules, the *Barnes* Court was "unwilling[]" to dismiss the appeal for appellate rule violations because "the termination statute requir[ed] that termination proceed only in the best interests of the child . . . , and the child aged twenty-two months, a party to the proceeding, was not represented and obviously could not enter the required objections at trial or in the appellate record." *Id.* at 326, 388 S.E.2d at 238. The Court, therefore, suspended the Appellate Rules and accepted the appeal pursuant to its authority under Rule 2 of our Rules of Appellate Procedure. *Barnes*, 97 N.C. App. at 327, 388 S.E.2d at 238; N.C. R. App. P. 2.

Concerning the merits of the appeal, the Court concluded that the trial court had indeed violated "[the] statutory mandate" of section 7A-289.29. *Id.* at 327, 388 S.E.2d at 238. The Court further found that "where the respondent, as here, was represented by counsel, 'fundamental fairness require[ed] that the minor child be represented by counsel.' " *Id.* (quoting *In re Clark*, 303 N.C. 592, 600-01, 281 S.E.2d 47, 53 (1981)). Accordingly, the Court reversed the order of termination and remanded for the appointment of a guardian ad litem and for new termination proceedings. *Id.* at 327, 388 S.E.2d at 239 (citation omitted).

We are persuaded by the *Barnes* decision that the same disposition is required in the case *sub judice* for the trial court's violation of section 7B-1108(b).[2] In contravention of a statutory scheme

2. We find no import to the repeal of section 7A-289.29(b) as it relates to our application of *Barnes* to the present case. Section 7A-289.29(b) was one of many statutes in Chapter 7A concerning proceedings to terminate parental rights which was recodified into Chapter 7B, effective 1 July 1999. As noted *supra*, section 7B-1108(b) contains substantially the same language as section 7A-289.29(b). In fact, the only modification between section 7A-289.29(b) and 7B-1108(b) is the reference to the minor child in 7B-1108(b) as a "juvenile," rather than a "child." *Cf. In re Blackburn*, 142 N.C. App. 607, 609, 543 S.E.2d 906, 908 (2001) (stating that "[a]mong other modifications, references to 'child' have been changed to 'juvenile' in Chapter 7B.")

intended to preserve the best interest of the minor child, *see* N.C. Gen. Stat. § 7B-1100(3), the trial court failed to appoint a guardian ad litem to represent the party who is the intended beneficiary of section 7B-1108(b). Like the minor child in *Barnes*, the nine-year-old juvenile in the present case, who coincidentally did not attend the termination hearing, was unable to lodge objections to the trial court's error in the proceeding below or on appeal.

Accordingly, despite respondent's noncompliance with our rules, we too are unwilling to forgo reversal based upon a violation of section 7B-1108(b). Therefore, in accordance with *Barnes*, we suspend our appellate rules to reverse the termination order in the present case. *See* N.C.R. App. P. 2. We further remand the case for appointment of a guardian ad litem for the juvenile and for the trial court to conduct appropriate *de novo* proceedings not inconsistent with section 7B-1108(b) and this opinion.

Reversed and Remanded.

Judges GREENE and BRYANT concur.