IN RE: J.L.S., A MINOR CHILD

No. COA04-818

(Filed 1 March 2005)

**Termination of Parental Rights— guardian ad litem for child— not appointed**

A termination of parental rights was remanded where one parent sought to terminate the parental rights of the other natural parent so that her husband could adopt the child, respondent filed a response on the day of the hearing, and the court did not appoint a guardian ad litem for the child. A guardian ad litem is necessary to ensure that the best interests of the child are adequately represented. N.C.G.S. § 7B-1108(b).

Appeal by respondent from judgment entered 18 December 2003 by Judge Susan R. Burch in Guilford County District Court. Heard in the Court of Appeals 3 February 2005.

*David A. Perez for petitioner-appellee.*

*Rebekah W. Davis for respondent-appellant.*

TIMMONS-GOODSON, Judge.

Respondent appeals an order of the trial court terminating his parental rights to J.L.S. For the reasons stated herein, we reverse the order of the trial court.

Petitioner and respondent were never married. Petitioner gave birth to J.L.S. on 24 March 1998. On 19 June 1999, petitioner married a man who subsequently decided to adopt J.L.S. In February 2003, petitioner contacted respondent and asked him to allow petitioner's

**IN RE J.L.S.**

[168 N.C. App. 721 (2005)]

husband to adopt J.L.S., an action that would require respondent to surrender his parental rights. In March 2003, petitioner's attorney sent respondent an adoption consent form. Respondent did not return the form. On 22 May 2003, petitioner filed the underlying petition to terminate parental rights based on willful abandonment and respondent's failure to establish paternity judicially or legitimate the child. Respondent filed a response on the day of the termination hearing. A guardian ad litem was not appointed to represent the minor child.

At the termination hearing, after hearing testimony from both parties, the trial judge ruled from the bench that grounds for termination existed and that the best interests of J.L.S. would be served by terminating respondent's parental rights. The trial court consequently entered an order of termination on 18 December 2003. It is from this order that respondent appeals.

----

Respondent argues that the trial court erred by (I) failing to appoint a guardian ad litem for J.L.S.; (II) entering two findings of fact not supported by clear and convincing evidence; (III) finding as fact that respondent willfully abandoned J.L.S.; (IV) finding as fact that respondent failed to establish paternity, failed to legitimate the child and failed to provide substantial financial support; and (V) abusing its discretion in applying the best interest of the child standard.

While respondent asserts five issues on appeal, the dispositive issue in the case is whether the trial court erred by failing to appoint a guardian ad litem for J.L.S. pursuant to N.C. Gen. Stat. § 7B-1108 where respondent filed a response to the petition on the day of the hearing. We hold that the trial court erred.

In termination of parental rights cases, the respondent must file an answer within thirty days after service of the summons and petition. N.C. Gen. Stat. § 1A-1, Rule 12(a)(1) (2003) ("A defendant shall serve his answer within 30 days after service of the summons and complaint upon him.").

> Upon the failure of a respondent parent to file written answer to the petition or written response to the motion within 30 days after service of the summons and petition . . . the court may issue an order terminating all parental and custodial rights of that parent with respect to the juvenile.

N.C. Gen. Stat. § 7B-1107 (2003).

The trial court may, in its discretion, appoint a guardian ad litem in any termination of parental rights case "when the court finds it would be in the best interests of the juvenile." N.C. Gen. Stat. § 7B-600(a) (2003). However, in cases where the respondent files a response denying any material allegation of the petition, the trial court is required to "appoint a guardian ad litem to represent the best interests of the juvenile." N.C. Gen. Stat. § 7B-1108(b) (2003). Where the trial court fails to appoint a guardian ad litem in accordance with § 7B-1108(b), it is an error constituting grounds for reversal of the trial court's order on appeal. *See generally In Re Fuller*, 144 N.C. App. 620, 548 S.E.2d 569 (2001).

In *Fuller*, the respondent argued on appeal that the trial court failed to appoint a guardian ad litem pursuant to § 7B-1108(b). 144 N.C. App. at 621, 548 S.E.2d at 570. However, the respondent failed to object to the issue at trial, and therefore was in violation of Appellate Procedure Rule 10(b)(1) by raising the issue on appeal. In deciding *Fuller*, this Court was guided by *In Re Barnes*, a case decided under a prior similar statute in which "the child aged twenty-two months, a party to the proceeding, was not represented and obviously could not enter the required objections at trial or in the appellate record." 97 N.C. App. 325, 326, 388 S.E.2d 237, 238 (1990). In *Barnes*, we suspended the Appellate Rules and accepted the appeal. 97 N.C. App. at 327, 388 S.E.2d at 238. In *Fuller* this Court held that G.S. § 7B-1108(b) was intended to protect the best interests of the child and the failure by the trial court to appoint a guardian ad litem to represent "the intended beneficiary" of the statute was reversible error. 144 N.C. App. at 623, 548 S.E.2d at 571. We remanded the case to the trial court "for appointment of a guardian ad litem for the juvenile and for the trial court to conduct appropriate *de novo* proceedings not inconsistent with section 7B-1108(b)." 144 N.C. App. at 623, 548 S.E.2d at 571.

In the present case, the record establishes that respondent filed his response on the day of the hearing. While we recognize petitioner's frustration regarding the last minute response, we refuse to penalize the minor child. This is so especially in light of the nature of these proceedings where one natural parent is seeking to terminate the parental rights of the other natural parent. As in *Fuller*, we conclude that a guardian ad litem is necessary to ensure that the best interests of J.L.S. are adequately represented. Pursuant to *Barnes* and *Fuller*, the order of termination is reversed and the case is remanded for appointment of a guardian ad litem and a new termination proceeding.

REVERSED.

Judges BRYANT and LEVINSON concur.