614 S.E.2d 382 (2005)
In re R.A.H.
No. COA04-965.
Court of Appeals of North Carolina.
July 5, 2005.
David A. Perez, Thomasville, for petitioner-appellee.
Rebekah W. Davis, Raleigh, for respondent-appellant.
*383 STEELMAN, Judge.
Respondent appeals from the termination of her parental rights to R.A.H., the youngest of her three children. On 11 June 1998 respondent's three children were taken from her custody by Randolph County Department of Social Services. Petitioner stipulated that she had "engaged in action or inaction which resulted in or contributed to [R.A.H.] experiencing severe developmental deficiencies." Based on this stipulation, the trial court determined that R.A.H. was a neglected juvenile under N.C. Gen.Stat. § 7A-517(21)(1999) by order entered 10 June 1999.
On 9 March 2000 the permanent plan was changed to adoption. On 23 August 2002 respondent's parental rights were terminated based on a finding of neglect and that respondent had left R.A.H. in foster care for more than 12 months without demonstrating reasonable progress pursuant to N.C. Gen.Stat. § 7B-1111(a)(1) and (2) (2003). From the order terminating her parental rights to R.A.H., respondent appeals. Other relevant facts will be discussed below.
In her second argument, respondent contends that the trial court erred in failing to appoint a guardian ad litem for R.A.H. prior to the termination hearing and in accordance with N.C. Gen.Stat. § 7B-1108. We agree.
N.C. Gen.Stat. 7B-1108(b) (2004) states: "The appointment, duties, and payment of the guardian ad litem shall be the same as in G.S. 7B-601...." N.C. Gen.Stat. 7B-601(a)(2004) states: "When in a petition a juvenile is alleged to be abused or neglected, the court shall appoint a guardian ad litem to represent the juvenile." Additionally: "The appointment shall terminate when the permanent plan has been achieved for the juvenile and approved by the court." Id. Further:
In every case where a nonattorney is appointed as a guardian ad litem, an attorney *384 shall be appointed in the case in order to assure protection of the juvenile's legal rights throughout the proceeding. The duties of the guardian ad litem program shall be to make an investigation to determine the facts, the needs of the juvenile, and the available resources within the family and community to meet those needs; to facilitate, when appropriate, the settlement of disputed issues; to offer evidence and examine witnesses at adjudication; to explore options with the court at the dispositional hearing; to conduct follow-up investigations to insure that the orders of the court are being properly executed; to report to the court when the needs of the juvenile are not being met; and to protect and promote the best interests of the juvenile until formally relieved of the responsibility by the court.
Id. N.C. Gen.Stat. § 7B-1108(d) states:
If a guardian ad litem has previously been appointed for the juvenile under G.S. 7B-601, and the appointment of a guardian ad litem could also be made under this section, the guardian ad litem appointed under G.S. 7B-601, and any attorney appointed to assist that guardian, shall also represent the juvenile in all proceedings under this Article and shall have the duties and payment of a guardian ad litem appointed under this section, unless the court determines that the best interests of the juvenile require otherwise.
In the instant case, no guardian ad litem was appointed pursuant to N.C. Gen.Stat. § 7B-601, even though the 1 September 2000 petition alleged neglect, and respondent's parental rights were terminated based in part on a finding of neglect. We note that though the record does not contain these petitions, it is clear from the order entered 10 June 1999 that petitions filed 11 and 14 June 1998 also alleged neglect. It does not appear that any permanent guardian ad litem was appointed pursuant to these earlier petitions, though there is reference in the 10 June 1999 order to "Gale Miller, Volunteer Guardian Ad Litem."
Inexplicably, an attorney advocate was appointed 8 January 2001 pursuant to N.C. Gen.Stat. § 7B-601(a). No guardian ad litem was appointed, even though appointment of an attorney advocate, whose job is to give legal advice to the guardian ad litem, is only necessary if the appointed guardian ad litem is not an attorney licensed in North Carolina. Id. The termination hearing began 13 February 2001 (the pre-trial conference was held 9 February 2001) and was scattered over 13 days ending 31 July 2001. The attorney advocate, who had been present at all these dates, was appointed as guardian ad litem 27 February 2001, after three and a half days of testimony. Thus, until that date, there was no guardian ad litem making an "investigation to determine the facts, the needs of the juvenile, and the available resources within the family and community to meet those needs; to facilitate, when appropriate, the settlement of disputed issues," or attending to any of the other duties mandated by N.C. Gen.Stat. § 7B-601.
Pursuant to N.C. Gen.Stat. § 7B-1108(d) and § 7B-601, there should have been a guardian ad litem investigating and determining the best interests of the child from the first petition alleging neglect in June 1998 through the final determination. There should have been a guardian ad litem representing R.A.H. at the termination hearing who had been involved in the case from the beginning. If the guardian ad litem was not an attorney licensed in North Carolina, there should have also been an attorney advocate providing the guardian ad litem legal assistance on behalf of R.A.H.
When a child is permanently taken from its parents' custody through a termination proceeding without a guardian ad litem ever having been appointed to represent the child, the matter must be remanded for appointment of a guardian ad litem and a new termination proceeding conducted. In re J.L.S., ___ N.C.App. ___, ___, 608 S.E.2d 823, 824-25 (2005); In re Fuller, 144 N.C.App. 620, 622-23, 548 S.E.2d 569, 571 (2001). Undecided by our case law is the appropriate remedy when a guardian ad litem for a minor child is not appointed at the time mandated by statute, but is appointed at a later date.
In the instant case there was no representative of R.A.H. performing the duties required by N.C. Gen.Stat. § 7B-601 until four days into the termination hearing. Petitioner argues that R.A.H. was adequately *385 represented because she had an attorney advocate in court representing her on those days before a guardian ad litem was appointed, and that because the attorney advocate was appointed as the guardian ad litem, no prejudice resulted.
The guardian ad litem and the attorney advocate perform distinct and separate roles under the juvenile code. "`The appointment of the guardian ad litem is to protect the interest of the infant defendant at every stage of the proceeding.' 7 Strong's N.C. Index 3d, Infants § 9, p. 202." In re Clark, 303 N.C. 592, 598, 281 S.E.2d 47, 52 (1981). In the instant case, a guardian ad litem should have been appointed after the initial petition alleging neglect pursuant to N.C. Gen.Stat. § 7B-601. This guardian ad litem would then have been involved at all stages of the proceeding, interviewing the child, the parents, and any other persons relevant to the proceedings. The guardian ad litem would have been working with all parties to both determine what course of action was in the best interests of the child, and how best to pursue that course of action. The guardian ad litem's position is very "hands on," and thus the guardian ad litem has the opportunity to acquire intimate knowledge pertinent to the best interests of the child.
The attorney advocate, on the other hand, is not required to conduct field investigation, or interview witnesses. In the instant case, the attorney advocate had not interviewed the child or respondent before the termination hearing. The job of the attorney advocate is to provide legal advice and assistance to the guardian ad litem in representing the minor child. The attorney advocate is not charged with making the determination of what is in the best interest of the child. N.C. Gen.Stat. § 7B-601(a)(attorney advocate shall "assure protection of the juvenile's legal rights")(emphasis added).
In the instant case, the trial court made a valiant effort to correct the error and proceed with the termination hearing by appointing a guardian ad litem immediately once the error was brought to its attention, and offering the newly appointed guardian ad litem the option of recalling witnesses and postponing further hearings in the matter. However, because our polar star in these proceedings is the best interests of the child, In re Montgomery, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984), we must presume prejudice where, as here, a child was not represented by a guardian ad litem at a critical stage of the termination proceedings. This is particularly so in light of the fact that the minor child is not capable of understanding and protecting its own rights and interests. The functions of the guardian ad litem and the attorney advocate are not sufficiently similar to allow one to "pinch hit" for the other when the best interest of a juvenile is at stake. The trial court should have terminated the hearing, appointed a guardian ad litem for R.A.H., and set a new hearing date giving the guardian ad litem sufficient time to become familiar with the case and make the relevant inquiries and investigations. We hold that the violation of the mandates of N.C. Gen.Stat. §§ 7B-1108 and 7B-601 in this case require reversal of the order, and remand for a new termination hearing.
We do not address respondent's remaining arguments.
REVERSED AND REMANDED.
Judges WYNN and HUDSON concur.