IN THE MATTER OF J.H.K. AND J.D.K.

No. 369PA10

(Filed 16 June 2011)

**Termination of Parental Rights—nonlawyer guardian ad litem—not required to be present in courtroom during hearing**

The Court of Appeals erred by holding that N.C.G.S. §§ 7B-601 and 7B-1108 mandate the physical presence of a non-lawyer guardian *ad litem* (GAL) volunteer during a termination of parental rights (TPR) hearing. Although the GAL's presence at the TPR hearing may be preferable, the language of the statute does not mandate the volunteer's appearance. The case was reversed

IN RE J.H.K.

[365 N.C. 171 (2011)]

and remanded to the Court of Appeals for consideration of issues not addressed in the original opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 695 S.E.2d 162 (2010), reversing an order terminating parental rights entered on 18 September 2009 by Judge Polly D. Sizemore in District Court, Guilford County, and remanding for a new termination of parental rights hearing. Heard in the Supreme Court on 14 March 2011.

> *Deana K. Fleming, Guardian ad Litem Associate Counsel, and Smith, James, Rowlett & Cohen, LLP, by Margaret F. Rowlett, for appellant Guardian ad Litem; and Mercedes O. Chut for petitioner-appellant Guilford County Department of Social Services.*

> *Leslie C. Rawls for respondent-appellee father.*

> *Cathy L. Moore, Assistant County Attorney, Durham County Department of Social Services, for North Carolina Association of Social Services Attorneys, amicus curiae.*

PARKER, Chief Justice.

The sole issue before this Court is whether the Guardian ad Litem (GAL) volunteer is required to be present in the courtroom at a termination of parental rights (TPR) hearing. For the reasons stated herein, we reverse the decision of the Court of Appeals holding that N.C.G.S. §§ 7B-601 and 7B-1108 mandate the physical presence of the GAL volunteer during a TPR hearing. *In re J.H.K.*, —— N.C. App. ——, 695 S.E.2d 162, 167–68 (2010).

On 25 January 2007, the Guilford County Department of Social Services (DSS) filed a juvenile petition alleging that the minor children J.H.K. and J.D.K. were neglected and dependent. A nonsecure custody order was entered that same day, placing custody of the children with DSS. Six days later, pursuant to N.C.G.S. § 7B-601, the trial court appointed Terry Helms the GAL and Donna Michelle Wright the attorney advocate. At a 16 March 2007 dispositional hearing, the court determined that the juveniles were neglected and dependent. Thereafter, on 8 June 2007 and 7 September 2007, permanency planning review hearings were held. At the 7 September 2007 hearing, the court ordered that "[t]he appropriate plan shall be a concurrent plan of adoption with reunification." A TPR petition was filed on 15 November 2007. Thereafter, throughout the remainder of 2007, during

## IN RE J.H.K.

[365 N.C. 171 (2011)]

2008, and into 2009, regular periodic permanency planning review hearings were held. Meanwhile, on 31 July 2008, DSS filed a second TPR petition on each child. By order entered 16 December 2008, Karen Moorefield was substituted as GAL to replace Terry Helms. Donna Wright continued as attorney advocate.

Following a TPR hearing on 14 and 15 July 2009, the trial court entered an order on 18 September 2009 terminating both parents' parental rights as to J.H.K. and J.D.K. In particular, the court found that during the thirty months that the children had been in foster care, the father had been in compliance with his DSS case plan for only five months, despite making some efforts. The court found that the father had been incarcerated two separate times for extended periods during which he did not see or provide care for the children and that even after he was released, he had abandoned wellness counseling, ceased communicating with DSS for drug screening and case compliance purposes, committed criminal acts in violation of his probation, and altogether failed to correct his substance abuse problems. The trial court further found that "[t]here is a probability of a repetition of neglect if the minor children are returned to [the father]" and found and concluded that grounds existed to terminate the father's rights for the reasons set forth in N.C.G.S. § 7B-1111(a)(1) and (a)(6). In light of its findings, the trial court determined that termination of the father's parental rights was in the best interests of the children.

Respondent father gave timely notice of appeal to the Court of Appeals, arguing, *inter alia*, that the trial court erred in conducting the TPR hearing when the minor children's nonattorney GAL volunteer was not physically present in court. *In re J.H.K.*, —— N.C. App. at ——, 695 S.E.2d at 166. The Court of Appeals agreed, concluding that the children were not "represented" by a GAL at a critical stage of the termination proceedings and "'presum[ing] prejudice'" from the GAL's absence. *Id.* at ——, 695 S.E.2d at 168 (citing *In re R.A.H.*, 171 N.C. App. 427, 431, 614 S.E.2d 382, 385 (2005)). On these grounds the Court of Appeals unanimously reversed the trial court's order and remanded the case for a new TPR hearing. *Id.* at ——, 695 S.E.2d at 168.

The determination of the issue before this Court implicates three statutes that address GAL appointment, duties, and administration, namely, N.C.G.S. §§ 7B-601, 7B-1108, and 7B-1200. The section of the Juvenile Code establishing GAL Services specifies that "[e]ach local

program shall consist of volunteer guardians ad litem, at least one program attorney, a program coordinator who is a paid State employee, and any clerical staff as the Administrative Office of the Courts in consultation with the local program deems necessary." N.C.G.S. § 7B-1200 (2009). The Office of GAL Services was established "to provide services in accordance with [section] 7B-601 to abused, neglected, or dependent juveniles involved in judicial proceedings." *Id.* Section 7B-601, in turn, states that when a petition alleges a juvenile is abused or neglected,

> the court shall appoint a guardian ad litem to represent the juvenile. . . . In every case where a nonattorney is appointed as a guardian ad litem, an attorney shall be appointed in the case in order to assure protection of the juvenile's legal rights throughout the proceeding. The duties of the guardian ad litem program shall be to make an investigation to determine the facts, the needs of the juvenile, and the available resources within the family and community to meet those needs; to facilitate, when appropriate, the settlement of disputed issues; to offer evidence and examine witnesses at adjudication; to explore options with the court at the dispositional hearing; to conduct follow-up investigations to insure that the orders of the court are being properly executed; to report to the court when the needs of the juvenile are not being met; and to protect and promote the best interests of the juvenile until formally relieved of the responsibility by the court.

N.C.G.S. § 7B-601(a) (2009).

The Juvenile Code also requires appointment of a GAL if a parent denies a material allegation of a TPR petition. *See id.* § 7B-1108 (2009). Unless a GAL has already been appointed as required by section 7B-601,

> [i]f an answer or response denies any material allegation of the petition or motion, the court shall appoint a guardian ad litem for the juvenile to represent the best interests of the juvenile . . . . A licensed attorney shall be appointed to assist those guardians ad litem who are not attorneys licensed to practice in North Carolina. The appointment, duties, and payment of the guardian ad litem shall be the same as in [section] 7B-601 and [section] 7B-603 . . . .

*Id.* § 7B-1108(b).

**IN RE J.H.K.**

[365 N.C. 171 (2011)]

To provide continuity in protecting the minor's interests and to avoid unnecessary duplicative GAL appointments in the same case, section 7B-1108(d) mandates that a GAL "previously . . . appointed under [section] 7B-601, and any attorney appointed to assist that guardian, shall also represent the juvenile in all proceedings under this Article." *Id.* § 7B-1108(d).

When read *in pari materia*, these statutes manifest the legislative intent that representation of a minor child in proceedings under sections 7B-601 and 7B-1108 is to be, as DSS argues, by the GAL program established in Article 12 of the Juvenile Code. Under Article 12 volunteer GALs, the program attorney, the program coordinator, and clerical staff constitute the GAL program. *Id.* § 7B-1200. Of note, a GAL who is trained and supervised by the program cannot, without the consent of the program, be appointed for a TPR proceeding unless the minor "has been the subject of a petition for abuse, neglect, or dependency" pursuant to section 7B-601. *See id.* § 7B-1108(b). Section 7B-601(a) mandates the appointment of a GAL and of an attorney advocate if the GAL is not an attorney. The appointment must "be made pursuant to the program established by Article 12." *Id.* § 7B-601(a); *see id.* §§ 7B-1200 to -1204 (2009). Moreover, the duties of the GAL and attorney advocate in proceedings under both section 7B-601 and section 7B-1108 are the duties of the GAL program set forth in section 7B-601. *Id.* § 7B-1108(b). The statutes require appointment of an attorney advocate only if the appointed GAL is not an attorney licensed to practice in North Carolina. *Id.* §§ 7B-601(a), -1108(b). Thus, if the GAL is an attorney, that person can perform the duties of both the GAL and the attorney advocate.

This statutory scheme is consistent with the traditional view of the role of a GAL, who stands in the place of the minor who is not *sui juris*. This Court, applying the predecessor statute to N.C.G.S. § 7B-1108, observed that

> under the statutory law and traditional practice of this State, the minor parties to a civil action or a special proceeding must be represented by a guardian ad litem who may defend *pro se* or employ counsel. A traditional practice has been to appoint licensed attorneys as guardians ad litem, and, even then, in the more complicated matters, for the guardian to employ separate counsel.

*In re Clark*, 303 N.C 592, 598, 281 S.E.2d 47, 52 (1981). Counsel appointed under section 7B-601(a) is appointed "to assure protection of the juvenile's legal rights throughout the proceeding." N.C.G.S.

§ 7B-601(a). Section 7B-1108(b) states that the attorney is "appointed to assist those guardians ad litem who are not attorneys licensed to practice in North Carolina." *Id.* § 7B-1108(b). This language, read in conjunction with the language in section 7B-601 setting forth the duties of the GAL program, recognizes that in TPR proceedings the attorney advocate is to perform the traditional role of a lawyer "to facilitate, when appropriate, the settlement of disputed issues; to offer evidence and examine witnesses at adjudication; [and] to explore options with the court at the dispositional hearing." *Id.* § 7B-601(a). In keeping with the polar star of protecting the minor child's best interests, the mandatory appointment of an attorney advocate precludes a·nonlawyer GAL from representing a minor *pro se*. A person represented by counsel cannot represent himself at the same time. *E.g.*, *Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E.2d 381, 384–85 (1981); *New Hanover Cnty. v. Sidbury*, 225 N.C. 679, 680, 36 S.E.2d 242, 243 (1945); *see also* N.C.G.S. § 1-11 (2009) ("A party may appear either in person or by attorney . . . ."). Although the statute does not specify which duties of the GAL program are to be performed by the individual GAL and which are the responsibility of the attorney advocate, the statute makes clear that the attorney advocate is to assist the nonlawyer GAL and thereby protect the legal rights of the minor in court proceedings. While the GAL could potentially facilitate settlement of disputed issues arising at a TPR hearing, the investigation and observation of the needs of the children and identification of the resources available to meet those needs take place both before and after a dispositional hearing, meaning that those actions necessarily occur outside the courtroom. This recognition of separate in-court and out-of-court responsibilities for the nonlawyer GAL and the attorney advocate in no way diminishes the GAL volunteer's obligation to protect the best interests of the minor at all critical stages. Although the GAL's presence at the TPR hearing may be preferable, the language of the statute does not mandate the nonlawyer volunteer's attendance.

Relying on *In re R.A.H.*, 171 N.C. App. 427, 614 S.E.2d 382 (2005), a case factually distinguishable from the present case, the Court of Appeals emphasized the significance of the word "represent" and concluded that J.H.K. and J.D.K. were not "represented" as required by the statute. *In re J.H.K.*, —— N.C. App. at ——, 695 S.E.2d at 166–68. The Court of Appeals stated:

[W]e do not believe that the General Assembly intended the term "represent" to merely require a GAL to prepare a report for the

trial court to be submitted at the termination of parental rights hearing in lieu of actually appearing in the courtroom.

. . . .

. . . The GAL is obligated to be an active "agent" inside the courtroom and to vigorously promote a minor child's best interests. . . . We can imagine no set of circumstances in which a GAL can be an agent satisfactorily performing these duties without being present in the courtroom when a minor child's fate is being determined in the trial court.

*Id.* at ——, 695 S.E.2d at 167–68.

This interpretation, however, disregards the concept of the GAL program in which the participants work as a team. Given the role of the attorney advocate to assist the GAL, we cannot agree that the General Assembly intended by the use of the word "represent" to obligate the volunteer GAL to appear in court during the TPR hearing unless the attorney advocate or the trial court deems the GAL's presence necessary to protect the minor's best interests. Section 7B-1108 does not impose upon the GAL volunteer a special duty to "represent" a juvenile beyond what section 7B-601 requires of a GAL to meet his or her responsibilities as an appointed member of the GAL program.

Our review of the record in this case discloses that the GAL program performed the duties listed in N.C.G.S. § 7B-601(a). Upon DSS's filing of a petition alleging J.H.K. and J.D.K. were neglected and dependent, the trial court appointed a GAL volunteer and an attorney advocate. Throughout the subsequent two and one-half years of related proceedings, Ms. Helms as GAL volunteer (or Ms. Moorefield, her appointed successor) regularly filed reports describing the children's needs; the nature and availability of educational, supervisory, health care and other resources; and other important matters, such as respondent father's incarceration. These reports also contained the GAL volunteer's assessment of the parents' compliance with court orders and her recommendations concerning the best interests of the children in light of her ongoing investigation of their case. The GAL volunteer thus satisfied the GAL program's duty "to make an investigation" and "to conduct follow-up investigations." N.C.G.S. § 7B-601(a). Meanwhile, Ms. Wright as attorney advocate appeared at every hearing documented in the record. During the pivotal TPR hearing, she examined witnesses and introduced into evidence the GAL volunteer's best-interest report. Nothing in the record—or in respon-

dent father's brief—suggests the GAL program failed to "facilitate . . . settlement of disputed issues," "explore options with the court," or "protect and promote the best interests of the juvenile[s]." *Id.* Through the work of its team members appointed to this case, the GAL program satisfied its out-of-court investigatory duties as well as its in-court representational duties—not only in connection with the TPR hearing at issue in this appeal, but throughout the entire case up to that point. The program thus provided J.H.K. and J.D.K. the services contemplated by the statute. *See* N.C.G.S. § 7B-1200.

We, therefore, hold that a local GAL program "represents" a juvenile within the meaning of N.C.G.S. §§ 7B-601 and 7B-1108 by performing the duties listed in section 7B-601 and that the nonlawyer GAL volunteer is not required to be physically present at the TPR hearing. As explained above, the record in this case satisfies us that the GAL program met its obligations under section 7B-601 and, *a fortiori*, those prescribed by section 7B-1108.

For the foregoing reasons, the decision of the Court of Appeals is reversed, and the case is remanded to that court for consideration of issues not addressed by its original opinion.

REVERSED AND REMANDED.