[217 N.C. App. 192 (2011)]

IN THE MATTER OF: J.L.H.

No. COA11-575

(Filed 15 November 2011)

**Termination of Parental Rights—failure to appoint guardian ad litem for minor child—reversible error**

The trial court erred by terminating respondent father's parental rights because it failed to appoint a guardian *ad litem* under N.C.G.S. § 7B-1108 for the minor child. The appointment of an attorney advocate was not sufficient to satisfy this requirement. The case was reversed and remanded for appointment of a guardian ad litem for the minor child and a new termination hearing.

Appeal by respondent father from order entered 9 March 2011 by Judge Louis F. Foy, Jr., in Onslow County District Court. Heard in the Court of Appeals 24 October 2011.

*No brief filed on behalf of petitioner-appellee mother.*

*Ryan McKaig for respondent-appellant father.*

BRYANT, Judge.

Respondent father appeals from the trial court's order terminating his parental rights to his minor child, Johnny[1]. Since the trial court failed to appoint a guardian *ad litem* for the minor child, we reverse and remand for a new termination hearing.

*Facts and Procedural History*

Respondent father and petitioner mother are the biological parents of Johnny, born on 26 September 2006. Respondent and petitioner were never married. On 1 April 2010, petitioner filed a petition to terminate respondent's parental rights, alleging as grounds: (1) neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1); (2) failure to establish paternity or legitimate the child pursuant to N.C. Gen. Stat. § 7B-1111 (a)(5); and, (3) willful abandonment pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). On 6 January 2011, respondent filed an answer denying that certain grounds existed to justify the termination of his parental rights.

The trial court conducted a termination hearing on 24 February 2011. Respondent, who was in the military, was not present at the

1. Pseudonyms have been used throughout to protect the identity of the juvenile.

IN RE J.L.H.

[217 N.C. App. 192 (2011)]

hearing due to being stationed in another state, but was represented by counsel. After hearing testimony from petitioner, the trial court determined that grounds existed to terminate respondent's parental right as alleged in the petition. The trial court also determined that termination of respondent's parental rights was in the best interests of the minor child. From the order terminating his parental rights, respondent appeals.

---

On appeal, respondent argues that the trial court erred in failing to appoint a guardian *ad litem* for Johnny pursuant to N.C. Gen. Stat. § 7B-1108. We agree.

The Juvenile Code provides in pertinent part that:

> If an answer or response denies any material allegation of the petition or motion, the court *shall* appoint a guardian ad litem for the juvenile to represent the best interests of the juvenile, unless the petition or motion was filed by the guardian ad litem pursuant to G.S. 7B-1103, or a guardian ad litem has already been appointed pursuant to G.S. 7B-601.

N.C. Gen. Stat. § 7B-1108(b) (2009) (emphasis added). This Court has held that failure to appoint a guardian *ad litem* pursuant to this section amounts to reversible error. *In re J.L.S.*, 168 N.C. App. 721, 723, 608 S.E.2d 823, 824 (2005).

Based on the record before us, there is no indication the trial court appointed a guardian *ad litem* to represent the best interests of the minor child, even though respondent filed an answer to the petition to terminate his parental rights denying the material allegations contained in the petition. Further, despite the fact that respondent's answer to the termination petition was not filed until many months after the petition was filed, the late answer did not absolve the trial court of its duty to appoint a guardian *ad litem* for the minor child. *See In re J.L.S.* at 723, 608 S.E.2d at 825. In *In re J.L.S.*, the respondent filed a response to the termination petition on the day of the termination hearing, more than thirty days after the petition was filed. *Id.* This Court concluded that the best interests of the minor child must be protected, particularly in a private termination action where one parent seeks to terminate the parental rights of the other parent, as in the instant case. *Id.* Thus, this Court "refuse[d] to penalize the minor child" for the late filing of the response. *Id.* In keeping with the holding in *In re J.L.S.*, we conclude that the trial court erred by fail-

IN RE J.L.H.

[217 N.C. App. 192 (2011)]

ing to appoint a guardian *ad litem* for the minor child after respondent filed a response denying the allegations in the termination petition.

Here, the record reflects the appointment of an attorney to serve as an attorney advocate for the juvenile. However, this Court has found that the appointment of an attorney advocate is not sufficient to satisfy the requirement of a guardian *ad litem* when one is required. *In re R.A.H.,* 171 N.C. App. 427, 431, 614 S.E.2d 382, 385 (2005) (stating that "[t]he functions of the guardian *ad litem* and the attorney advocate are not sufficiently similar to allow one to 'pinch hit' for the other when the best interest of a juvenile is at stake."). Accordingly, we reverse the order of the trial court terminating respondent's parental rights to J.L.H. and remand for appointment of a guardian *ad litem* for the minor child and a new termination hearing. *See In re J.L.S.* at 723, 608 S.E.2d at 825.

Reversed and remanded.

Judge Elmore and Ervin concur.