An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1341
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

IN THE MATTER OF:

E.I.O.                                        Mitchell County
                                             No. 13 JT 07


Appeal by respondent-father from order entered 27 August 2013 by Judge Alexander Lyerly in Mitchell County District Court. Heard in the Court of Appeals 28 April 2014.

*No brief filed for mother, petitioner-appellee.*

*Mary McCullers Reece for father, respondent-appellant.*


HUNTER, Robert C., Judge.

Respondent-father appeals from the trial court's order terminating his parental rights to the minor child, E.I.O. ("Ethan").[1] Because the trial court failed to appoint a guardian ad litem for the minor child, we reverse the trial court's order and remand the matter for a new termination hearing.[2]

---

[1] A pseudonym is used to protect the identity of the juvenile.

[2] We note that petitioner filed with this Court a copy of a "Notice of Voluntary Dismissal" it filed in Mitchell County

## Background

Respondent and petitioner-mother were married in 2008 and divorced in 2012. One child, Ethan, was born during the marriage. On 11 February 2013, petitioner filed a petition to terminate respondent's parental rights alleging as grounds that respondent willfully abandoned Ethan. The matter came on for hearing on 5 August 2013, after which the trial court found the existence of the ground alleged by petitioner. The court determined that termination of respondent's parental rights was in the best interests of Ethan, and on 27 August 2013, entered an order terminating respondent's rights. Respondent appeals.

## Notice of Appeal

We first address whether the Court has jurisdiction over respondent's appeal. Rule 3.1 of the North Carolina Rules of Appellate Procedure requires trial counsel and the appellant to sign the notice of appeal. In this case, trial counsel signed the notice of appeal, but respondent did not. Respondent filed a second notice with the proper signatures on 2 October 2013;

District Court on 23 April 2014. Under Rule 41(a), a plaintiff may voluntarily dismiss an action without order of the court "at any time before the plaintiff rests his case." However, here, petitioner filed its "Notice of Voluntary Dismissal" after it had rested its case; it was even after the trial court had entered a final judgment. Therefore, petitioner did not have a legal right to file a voluntary dismissal, and petitioner's purported dismissal of its petition has no legal effect.

however, this was more than thirty days after entry of the termination order. *See* N.C. Gen. Stat. § 7B-1001(b) (2013) (written notice of appeal "shall be made within 30 days after entry and service of the order").

Rule 3.1 is "jurisdictional, and if not complied with, the appeal must be dismissed." *In re L.B.*, 187 N.C. App. 326, 332, 653 S.E.2d 240, 244 (2007), *aff'd per curiam*, 362 N.C. 507, 666 S.E.2d 751 (2008). Respondent, however, has filed a petition for writ of certiorari. Under the circumstances, we believe it is appropriate for us to exercise our discretion to grant respondent's petition and review the merits of his appeal. *See In re I.T.P-L.*, 194 N.C. App. 453, 460, 670 S.E.2d 282, 285 (2008) (allowing petition for writ of certiorari "to permit consideration of their appeals on the merits so as to avoid penalizing Respondents for their attorneys' errors").

**Arguments**

While respondent raises three issues on appeal, we find the dispositive issue is whether the trial court erred by failing to appoint a guardian ad litem for Ethan pursuant to N.C. Gen. Stat. § 7B-1108. We note that respondent did not raise the guardian ad litem issue in the trial court and this Court has previously held that in order to preserve the issue, a

respondent must object at the trial level. *See In re Fuller*, 144 N.C. App. 620, 623, 548 S.E.2d 569, 571 (2001) (discussing "respondent's noncompliance with  our rules" by failing to object to lack of GAL at trial level); *In re Barnes*, 97 N.C. App. 325, 326, 388 S.E.2d 237, 238 (1990) (holding "respondent failed to comply with our Rules of Appellate Procedure" because "there was no objection or exception made at trial to the court's failure to appoint a guardian ad litem" for the child). However, in *Barnes and Fuller*, the Court invoked Rule 2 of the North Carolina Rules of Appellate Procedure in order to address the issue and reversed the termination orders.  The Court in *Fuller* noted that section 7B-1108(b) was "intended to preserve the best interest of the minor child," and that the minor child was "the intended beneficiary" of the statute.  *Fuller*, 144 N.C. App. at 623, 548 S.E.2d at 571; *see also Barnes*, 97 N.C. App. at 327, 388 S.E.2d at 238.  In this case, we conclude it is appropriate to invoke Rule 2 and address the merits of respondent's argument.

The Juvenile Code provides that:

> If an answer or response denies any material
> allegation of the petition or motion, the
> court shall appoint a guardian ad litem for
> the juvenile to represent the best interests
> of the juvenile, unless the petition or
> motion was filed by the guardian ad litem

> pursuant to G.S. 7B-1103, or a guardian ad litem has already been appointed pursuant to G.S. 7B-601.

N.C. Gen. Stat. § 7B-1108(b) (2013). This Court has held that failure to appoint a guardian ad litem pursuant to section 7B-1108(b) is reversible error. *In re J.L.S.*, 168 N.C. App. 721, 723, 608 S.E.2d 823, 824 (2005). In *J.L.S.*, the respondent filed a response to the termination petition on the day of the termination hearing, more than thirty days after the petition was filed. This Court reasoned that the best interests of the minor child must be protected, "especially in light of the nature of these proceedings where one natural parent is seeking to terminate the parental rights of the other natural parent." *Id.* at 723, 608 S.E.2d at 825. This Court "refuse[d] to penalize the minor child" for the late filing of the response. *Id.*

In the present case, although respondent filed an answer to the petition to terminate his parental rights denying the material allegations contained in the petition, the trial court failed to appoint a guardian ad litem to represent the best interests of Ethan. Even though the answer was filed approximately three months after the petition was filed, the trial court was not relieved of its duty to appoint a guardian

ad litem for Ethan. In accordance with our holding in *J.L.S.*, we conclude the trial court erred in failing to appoint a guardian ad litem pursuant to section 7B-1108(b). Thus, we reverse the order terminating respondent's parental rights and remand for appointment of a guardian ad litem for the minor child and a new termination hearing. *Id.*

## Conclusion

Based on the foregoing reasons, we reverse the order terminating parental rights and remand for appointment of a guardian ad litem and new termination hearing.

REVERSED AND REMANDED.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).