DIETZ, Judge.
Respondent appeals from an order terminating her parental rights to her minor child Corey.[1] She argues that the trial court abused its discretion in its best interests analysis because the court discounted the willingness of Respondent's relatives to care for the child.
The record and the trial court's findings indicate that the court carefully considered this factor. But the court ultimately found that placement with Corey's foster mother, who already had adopted Corey's sister and was willing to adopt Corey, persuaded the trial court that termination of Respondent's parental rights was in Corey's best interests. That determination was well within the trial court's sound discretion. Accordingly, we affirm the trial court's order.
Facts and Procedural History
On 31 July 2014, the Guilford County Department of Health and Human Services filed a juvenile petition alleging that five-day-old Corey was neglected and dependent. Corey tested positive for Percocet at birth and had to be treated for withdrawal. Respondent had four other children in DHHS custody due to domestic violence, all of whom had been adjudicated dependent and were the subjects of pending termination proceedings. DHHS alleged that Respondent had made minimal progress on her case plan since the adjudications. DHHS obtained non-secure custody of Corey and placed him in a foster home with his half-sister.
On 28 October 2014, the trial court entered an order adjudicating Corey a neglected and dependent juvenile. The order required Respondent to enter into a Family Service Agreement and granted weekly supervised visits. The trial court later entered an order ceasing reunification efforts and changing the permanent plan to adoption after finding that Respondent failed to enter into the required case plan and had not visited Corey since entry of the court's previous order.
On 26 August 2015, DHHS moved to terminate Respondent's parental rights on the grounds of neglect, failure to make reasonable progress, failure to pay a reasonable portion of Corey's care, dependency, willful abandonment, and prior termination of parental rights to another child. See N.C. Gen. Stat. § 7B-1111(a) (1)-(3), (6)-(7), (9). After a hearing, the trial court entered an order terminating Respondent's parental rights to Corey.[2] The order concluded that five grounds for termination existed and that termination was in Corey's best interest. Respondent gave timely notice of appeal.
Analysis
Respondent argues that the trial court abused its discretion by concluding that termination of her parental rights was in Corey's best interest. Specifically, Respondent contends that the court did not give sufficient weight to the evidence that she had relatives willing to be placement options for Corey.
"After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a). "We review the trial court's decision to terminate parental rights for abuse of discretion." In re Anderson , 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002).
In deciding whether terminating parental rights is in a juvenile's best interest, the trial court must consider certain statutory criteria and make findings regarding any criteria that are relevant. N.C. Gen. Stat. § 7B-1110(a). Respondent does not contend that the trial court failed to consider or make findings regarding these statutory factors. Instead, she argues that the court unreasonably discounted testimony from her relatives concerning their willingness to care for Corey.
"A trial court may, but is not required to, consider the availability of a relative placement during the dispositional phase of a hearing to terminate parental rights." In re M.M. , 200 N.C. App. 248, 258, 684 S.E.2d 463, 469 (2009).
Here, The trial court's order reflects careful consideration of Respondent's relatives as placement options. Nearly two pages of the order are devoted to findings concerning potential relative placements. The court found that both relatives "expressed their sincere love for [Corey] as well as desire to have [Corey] in the respective home[s]." But the court also found that "[n]either relative expressed a desire or willingness to adopt [Corey]." Moreover, the court found that both relatives were in poor health, faced decreased mobility, lacked personal transportation, and were strangers to the child.
By contrast, the court found that Corey was closely bonded with his foster mother, who provided a "nurturing, loving, and safe home environment." The court also found that Corey's foster mother already had adopted Corey's sister and had expressed a desire to adopt Corey.
In light of these findings, as well as other findings regarding the specific factors enumerated in N.C. Gen. Stat. § 7B-1110(a), the trial court's best interests determination was well within its sound discretion. In re D.W.C., J.A.C. , 205 N.C. App. 266, 271-73, 698 S.E.2d 79, 82-83 (2010).
Conclusion
We affirm the trial court's termination order.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DILLON concur.

We use a pseudonym to protect the identity of the minor child.

The order also terminated the parental rights of Corey's father. Corey's father did not appeal.